THE PEOPLE v. JAMES BRADY.

*Penalty—Parties to action—Physicians—Failure to report disease —Evidence.*

1. How. Stat. § 8442, makes it the duty of the prosecuting attorney of a county to prosecute not only when notified by the supervisor of a township that a penalty or forfeiture has been incurred within his township which cannot be recovered before a justice of the peace, but in all other cases where he shall know, or have good reason to believe, that a penalty has been incurred; and he, as well as the supervisor, is the agent pointed out by the statute to represent the people in all such prosecutions.

2. A suit commenced against a physician in justice's court to recover the penalty imposed by Act No. 11, § 44, Laws of 1883 (3 How. Stat. § 1676), for neglecting to give notice to the proper health officer of dangerous diseases, etc., may be prosecuted by the prosecuting attorney; and an objection to the introduction of any evidence under a declaration which states that the prosecuting attorney, for and on behalf of the people of the State of Michigan, complains of the defendant, etc., as incompetent, irrelevant, and immaterial, because the statute provides that the action shall be brought in the name of the people of the State of Michigan, is untenable.

3. The existence of diphtheria is sufficiently shown, in a prosecution to recover the statutory penalty imposed upon physicians for failing to report its existence, by the physician's admission that certain children he was attending had diphtheria, and the testimony of the fathers of the children to such attendance,

and that the defendant, as well as the witnesses, who described the disease as attacking the throat, pronounced it diphtheria.

4. A delay of eight days by a physician in reporting a case of diphtheria to the proper health officer is unreasonable.

Error to Leelanaw. (Ramsdell, J.) Submitted on briefs February 10, 1892. Decided March 4, 1892.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*W. F. Guinon,* for appellant.

*Alex. McKercher,* Prosecuting Attorney, for the people.

Long, J. This action was brought in justice's court against the defendant, who is a practicing physician, to recover the penalty provided by section 44 of Act No. 11, Laws of 1883.

The act provides that when any physician shall know that any person whom he is called to visit is infected with small-pox, cholera, diphtheria, scarlet fever, or any other disease dangerous to the public health, he shall immediately give notice thereof to the health officer, etc.; that the notice shall state the name of the disease, the name, age, and sex of the person sick, and shall, by street and number, or otherwise, sufficiently designate the house or room in which such sick person may be. It is further provided by this section that—

"Every physician and person acting as a physician, who shall refuse or neglect immediately to give such notice, shall forfeit for each such offense not less than fifty nor more than one hundred dollars."

The act is an amendment to sections 1734, 1735 (being sections 43 and 44 of chapter 46), Comp. Laws 1871, and adding a new section thereto, relative to notices of diseases dangerous to the public health. This chapter does not provide the manner in which the action may

be brought to recover the penalty. Chapter 216 of the Compiled Laws of 1871, which now stands in Howell's Statutes as chapter 291, provides for the collection of penalties, forfeitures, and fines, and of forfeited recognizances. The action was brought under this chapter.

The summons by which the action was commenced commanded the defendant to appear and answer to the people of the State of Michigan in a plea of trespass on the case upon promises, to their damage $100. On the return-day the parties appeared, and the prosecuting attorney filed a declaration setting out that—

"Alfred John, prosecuting attorney for said county, for and on behalf of the people of the State of Michigan, complains of James Brady, defendant herein, in a plea of trespass upon the case upon promises, for that the said defendant, to wit, on the 5th day of April, A. D. 1887, was indebted to the people of the State of Michigan in the sum of one hundred dollars, whereby an action hath accrued to the said people under and by virtue of the provisions of section 44 of Act No. 11 of the Public Acts of Michigan for the year 1883, on page 7, and said defendant then and there undertook and promised to pay the same, but hath hitherto neglected and refused so to do, to the damage of the said people of one hundred dollars, and therefore this suit."

The defendant pleaded the general issue. Upon the trial before the justice the people had judgment for a penalty of $50. Defendant appealed to the circuit court for Leelanaw county, where the cause was tried before a jury. After the jury was impaneled and a witness sworn, the defendant, by his counsel, objected to any evidence under the declaration, for the reason that it was incompetent, irrelevant, and immaterial, in that the statute provides that the action shall be brought in the name of the people of the State of Michigan, and not in the name of the prosecuting attorney. This objection was overruled, and the case proceeded to trial. Verdict and

judgment were rendered against the defendant for the penalty of $100 and costs of suit. Defendant brings error.

Chapter 291 of Howell's Statutes provides that in all cases not otherwise specially provided for by law, where a pecuniary penalty or forfeiture shall be incurred by any person, such penalty may be recovered in an action of *assumpsit*, etc. Justices of the peace have jurisdiction where the penalty does not exceed $100, but every such action shall be brought in the county where the act was done. It is provided by section 8433 that in an action of *assumpsit* for such penalty—

"It shall be sufficient, without setting forth the special matter, to allege in the declaration that the defendant, being indebted to the plaintiffs in the amount of such penalty or forfeiture, according to the provisions of the statute by which such penalty or forfeiture is imposed, referring to such statute as prescribed in the last section, undertook and promised to pay the same."

Section 8439 of this chapter provides:

"It shall be the duty of every supervisor, whenever he shall know or have good reason to believe that any penalty or forfeiture has been incurred within his township which shall be recoverable by action before a justice of the peace according to the foregoing provisions of this chapter, forthwith to commence and prosecute a suit in the name of the people of this State for the recovery thereof."

By the next section it is made the duty of every other officer of the township, who shall know or have good reason to believe that any penalty or forfeiture has been incurred within his township, to give notice forthwith to the supervisor. It is provided by section 8441 that—

"Whenever any supervisor shall know or have good reason to believe that any penalty or forfeiture has been incurred within his township which cannot be recovered before a justice of the peace, it shall be his duty forth-

with to give notice thereof to the prosecuting attorney of his county."

It is provided by section 8442 as follows:

"In the cases mentioned in the last preceding section, and in all other cases where the prosecuting attorney shall know or have good reason to believe that a penalty or forfeiture has been incurred within his county, it shall be the duty of such prosecuting attorney, without delay, to prosecute for such penalty or forfeiture; and in all cases where any suit shall be instituted by the supervisor as provided in this chapter it shall be the duty of such prosecuting attorney, if requested by such supervisor, to attend to and conduct such suit on behalf of the plaintiffs."

It is apparent from the section last quoted that it is made the duty of the prosecuting attorney, not only to prosecute in the case mentioned in that section, but in all other cases where he shall know, or have good reason to believe, that a penalty has been incurred; and he, as well as the supervisor of the township, is the agent pointed out by the statute to represent the people in all such prosecutions. There was, therefore, no force in the objection made.

In the case cited by defendant's counsel—*People v. Navarre*, 22 Mich. 1—the prosecution for the recovery of a penalty for obstructing the highway was instituted by private parties, without the intervention of the prosecuting attorney or the supervisor of the township, and against the protest of the supervisor, who sought to discontinue the suit. It was held that the proper agent pointed out by the statute to represent the people had not appeared, and therefore the State, in contemplation of law, was not present, so that case has no bearing upon the question here raised.

Some other errors are claimed. It appeared upon the trial that the defendant was a practicing physician in that county in the year 1887, and was called in March

or April of that year to attend professionally two children in the family of one Lotharias, and three children in the family of one Heft, of the township of Leland, in that county. He first visited the children of Lotharias, and treated them for diphtheria. He made no report of this disease to the health officer of the township. While the Lotharias children were thus afflicted, one of Heft's children visited that family, and subsequently Heft's three children were taken ill with the same disease, and the defendant was called upon to treat them. He made no report to the health officer, as required by the statute, of these cases. Two of these children died from the disease. The defendant admitted to different parties, as shown by the record, that both the Lotharias and Heft children had the diphtheria, and that he made no report of the fact to the health officer. His attention was called to the requirements of the statute, and he stated that he would report no case, and they could sue him or fine him for it if they wanted to. It is testified by one of the witnesses that while he was at the defendant's office he was told by defendant:

" ' I expect a warrant rapping at my door before morning.' Said I, ' What was it for?' He said, ' Because I did not report.' And I said, ' Why did you not report?' ' Because,' says he, ' I wouldn't. They all ought to have the diphtheria.' "

The defense offered no testimony, but it is gravely insisted here upon the part of the defendant's counsel that, if it be true that defendant did make all the admissions claimed by the people, such admissions (while they might have been sufficient to warrant the health officer in guarding the people where the disease existed) were not sufficient to warrant the commencement of this action for the recovery of the penalty. The reason of this assertion is that no investigation was made to ascertain

the nature of the disease, nor was there any evidence whatever introduced upon the trial in the circuit court of an expert nature tending to prove that a case of diphtheria or other contagious disease existed. There was evidence outside of these admissions of the defendant showing that these children in both families were afflicted with diphtheria. Mr. Lotharias and Mr. Heft were both called as witnesses, testifying to the sickness of their respective children; that these children were attended by the defendant as a physician, and that he then and there pronounced the disease diphtheria; and these witnesses describe the disease as attacking the throat, and themselves pronounced the disease diphtheria. This was sufficient evidence, when uncontradicted, of the existence of the disease.

The objection is also made that there was no proof that the notice required by the statute was not certified by the defendant before the clerk of the board of health. What we have heretofore said in regard to the defendant's admission applies equally to the fact that no notice was certified or claimed to have been certified by the defendant, but, on the other hand, that he refused absolutely to give the notice required by the statute. It is true that the evidence showed that a week or 10 days after these children had been pronounced by the defendant as suffering from diphtheria he stated to the health officer, Mr. John, as the health officer testifies, that they had diphtheria at Lotharias' and Heft's; and that, immediately after, the board of health took steps to prevent its spread. Yet this was not the notice required by the statute, which is to be in writing, giving the name, place of residence, and nature of the disease.

Upon this branch of the case the court directed the jury that it was a question for them to determine whether

the defendant failed to report the cases within a reasonable time after he discovered the existence of the disease, and that in cases like diphtheria, where the disease is virulent and rapid in its action, eight days was not a reasonable time. There was no error in this charge, and we think the court would have been justified in saying that no notice was given at all, as required by the statute.

The judgment must be affirmed, with costs.

The other Justices concurred.