J. A. WARNER *et al.* v. F. K. STEBBINS *et al.*, Appellants.

**Board of Health:** JURISDICTION: *Right to transfer infected persons.* Code, section 2568, provides that the mayor and city council shall constitute a local board of health, within the limits of their cities, and shall have the power to establish quarantine against all diseases dangerous to the public. Section 2570 provides that a local board of health may make such provisions as are best calculated to preserve the inhabitants from danger. *Held,* that section 2570 did not enlarge the territorial limits of a board of health's jurisdiction as prescribed by section 2568, nor authorize a city board of health to transfer one affected with a dangerous disease to the jurisdiction of another board.

RIGHT TO INJUNCTION. Code, section 2568, provides that the trustees of any township shall constitute a local board of health within the limits of the township, and shall have power to establish quarantine against dangerous diseases. *Held,* that where a city was about to establish a pest house on land owned by it in a township, and convey patients thereto, the trustees could restrain such action, without proof that the city was about to create a nuisance. The right to enjoin rests upon the power given local boards of health to protect their territory from infection.

POLICE POWER: *Conflict with corporate rights.* Code, section 2568, provides that the mayor and city council of each town or city, and the trustees of any township, shall constitute a local board of health, within the limits of their towns, cities or townships, and shall have power to establish quarantine against all diseases dangerous to the public. Section 880 provides that cities may acquire and hold ground outside of their limits for hospital purposes. *Held,* that under section 2568 the trustees of a township had power to restrain a city from establishing a pest house on land owned by the city in the township, since the health regulations of the state were a part of the police power, and if their enforcement abridged private or corporate rights, such rights must yield to the public good.

*Appeal from Johnson District Court.*—HON. JOHN T. SCOTT, Judge.

FRIDAY, APRIL 13, 1900.

THE plaintiffs are the trustees and township clerk of West Lucas township, Johnson county, and the defendants are the mayor, members of the city council, and health officers of Iowa City, constituting Iowa City township, in the same county. The defendants, as a board of health, had under their care and control in Iowa City township a person afflicted with smallpox, and others who had been exposed thereto, whom they were about to remove to a building erected upon land in West Lucas township, owned by the city of Iowa City, which it had purchased for hospital and other purposes. This is an action brought by the plaintiffs as a board of health to restrain the defendants from so doing. There was a trial in the district court, and a restraining order entered as prayed, from which the defendants appeal.— *Affirmed.*

*W. H. Bailey* and *Baker & Ball* for appellants.

*Hart & Zmunt* for appellees.

SHERWIN, J.—This case presents a question that has not heretofore been determined in this state, and involves the construction of the sections of the statute hereafter referred to. It is conceded that the land upon which the defendants sought to establish this pest house is entirely outside of the territorial limits of Iowa City and Iowa City township. Section 2568 of the Code provides as follows: "The mayor and council of each town or city, or the trustees of any township, shall constitute a local board of health within the limits of such towns, cities, or townships of which they are officers;" which board shall have power to "make such regulations as are necessary for the protection of the public health respecting * * * causes of sickness * * * and quarantine; to proclaim and establish quarantine against all infectious or contagious diseases dangerous to the public, and maintain and remove the same." This statute specifically defines the

territorial limits within which a local board of health may act. Within the limits defined, it is by law made the guardian of public health, and it is its duty to stand as a wall between the inhabitants of the territory over which it has jurisdiction and dangerous contagious diseases. Beyond its prescribed boundaries we think it has no power or authority. The power given to local boards by this statute is broad. It is in the nature of legislative power delegated to the officers of a municipality for the preservation and promotion of the public health, and, while its use as an instrument of oppression by the local authorities will not be permitted, acts done thereunder, in good faith and for the purpose of promoting the general health, and for the purpose of preventing the spread of dangerous contagious diseases, will be upheld by the courts. *Lawton v. Steele,* 119 N. Y. 226 (23 N. E. Rep. 878, 7 L. R. A. 134, 16 Am. St. Rep. 813) ; *Milne v. Davidson (N. S.),* 5 Mart. 409, 16 Am. Dec. 189 ; *Thomas v. Town of Mason,* 39 W. Va. 526 (20 S. E. Rep. 580, 26 L. R. A. 727) ; *People v. Brady,* 90 Mich. 459 (51 N. W. Rep. 537) ; *City of Anderson v. O'Conner,* 98 Ind. 168 ; *Harrison v. Mayor, etc.,* 1 Gill. 264 ; *City of St. Louis v. Boffinger,* 19 Mo. 13 ; *Haverty v. Bass,* 66 Me. 71 ; *Train v. Disinfecting Co.,* 144 Mass. 523 (11 N. E. Rep. 929, 59 Am. Rep. 113).

The appellants contend, however, that a pest house is not a nuisance *per se,* and that plaintiffs can have no relief except upon proof that they were about to establish a nuisance. A sufficient answer to this position is found in the statute itself, which gives the local board of health power to establish a quarantine against all infectious or contagious diseases, and this power is not simply the power to quarantine infected persons within its own territorial limits, but it has power to restrain such persons from coming within its limits. See *Harrison v. Mayor, etc., supra.* If it may so restrain a person who is afflicted with a well-developed case of smallpox, the logical conclusion follows that it may restrain those who attempt to take him there, not be-

cause his presence there might constitute a nuisance, but upon the higher ground of public welfare and public policy. The plaintiffs, as members of the health board of West Lucas Township, would be remiss in their duty were they to permit smallpox patients to be domiciled within their jurisdiction, upon the theory that the disease might not spread. Section 2570 of the Code, which provides for the care of infected persons by the local authorities, does not in our judgment, enlarge, in any way, the territorial limits of their jurisdiction, nor authorize the transfer of the disease to the jurisdiction of another board of health.

Defendants' further contention is that section 880 of the Code, which provides that cities may acquire and hold ground outside of their municipal limits for cemetery and hospital purposes, gives them the right to establish a pest house on the ground so owned by Iowa City, and that to deny this right is to abridge the city's rights. It appears from the record that West Lucas township is thickly populated, and that an occupied dwelling house is situated not more than forty rods from the contemplated pest house, and that defendants have erected a temporary shed for such use. Whether a hospital is in fact located on the ground in question does not appear. If so, it is apparent that it is not for use as a pest house; for a temporary building has been erected for that purpose, as we have seen. We do not think this statute was intended to establish pest houses in thickly settled rural communities. It does not so read, nor does it fairly imply such intent. The health regulations of the state are a part of its police powers, and, if their enforcement abridges private or corporate rights such rights must yield to the general public good. The other questions referred to in argument by counsel for appellants we do not notice, because of their request that we decide this case on its merits between the two townships. Our conclusion upon the merits is that the defendants, acting as the board of health of Iowa City town-

ship, had no power to establish a smallpox pest house in West Lucas township against the objection of the board of health of said West Lucas township, and that an injunction will lie to restrain them from so doing. The judgment is AFFIRMED.