### MORANO vs. THE MAYOR ET AL.

**APPEAL FROM THE COURT OF THE FIRST DISTRICT.**

The City Council have the power to establish markets and to provide for the cleanliness and salubrity of the city.

They have an undoubted right to prevent the violation of any ordinance they may pass in relation to the markets.

They have the right to confine the sale of oysters to certain designated stands, and to prevent their being sold at any other.

| 2L 217 | |
|---|---|
| 46 | 702 |
| 2L 217 | |
| 49 | 619 |
| 2L 217 | |
| 52 | 955 |
| 2L 217 | |
| 105 | 211 |

By an ordinance of the City Council, of the 24th August, 1829, the sale of oysters is restricted to certain designated stands within the city and fauxbourgs, and the sale of them elsewhere, expressly prohibited under pain of a certain penalty.

The plaintiff having violated this ordinance, by the sale of oysters on property which he had leased for that purpose, was sued by the defendants, and judgment rendered against him. He brought this suit to recover damages for the alleged wrongful interference of the defendants, and prayed they might be perpetually enjoined from disturbing him in the sale of wholesome oysters on the property which he had leased for that purpose. On the trial of the cause, the court *a quo* charged the jury, that the city corporation had a right to assign places for the sale of oysters, and to prohibit their being sold elsewhere ; and, further, that the plaintiff had no cause of action.

To this charge the plaintiff took his bill of exceptions.

A2

MORANO
  *vs.*
MAYOR ET AL.

There was a verdict and judgment for the defendants, and the plaintiff appealed.

*Preston,* for appellant, contended :

1. The District Judge charged the jury erroneously in saying, that the corporation of New-Orleans had a right to prevent the plaintiff from selling oysters on his private property.

2. The corporation of New-Orleans have no power granted by their charter, to pass an ordinance to that effect.

*Moreau* and *Soule,* for appellees.

*Martin, J.,* delivered the opinion of the court.

The plaintiff states he rented two small pieces of ground, in the city of New-Orleans, as stands for the sale of wholesome and sound oysters, and the defendants have sued him in several instances, and recovered sundry sums of money as fines, under an ordinance of the City Council of the 14th August, 1829 ; and, by repeated suits for such fines, intend to harrass and distress the plaintiff, so as to deter and prevent him from continuing to gain his livelihood by selling oysters—that the ordinance is illegal and unauthorized by the charter.  He prayed he might have judgment against the defendants for five hundred dollars, and that they might be perpetually enjoined from thus disturbing him in the sale of sound and wholesome oysters.

The defendants denied the plaintiff's right of action, and averred the Council had not exceeded its legitimate powers in passing the ordinance.

There was a verdict and judgment for the defendants, and the plaintiff appealed.

At the trial, the court charged the jury, at the request of the counsel for the defendants, that the corporation had the right to prevent the sale of sound oysters, by individuals, on their private property.  To this opinion the plaintiff's counsel took a bill of exceptions.

The case rests entirely on the validity and legality of the

Eastern District, *February* 1831.

MORANO
*vs.* :
MAYOR ET AL.

ordinance. The plaintiff's counsel has urged that corporations, being mere creatures of the legislature, cannot exercise any powers except those given by their charters, or subsequent acts of the legislature; and that, in the present case, the City Council exceeded their powers.

It appears to us the District Court did not err. The City Council has the power to establish markets, and to provide for the cleanliness and salubrity of the city.

The city council have the power to establish markets, and to provide for the cleanliness and salubrity of the city.

In establishing markets they designate certain spots or places for the sale of certain articles of provision ; in doing so they facilitate the people in the purchase of provisions of first necessity, by confining the sale of them to particular places and hours of the day—and they facilitate the inspection of provisions ; and by the hire of stalls they raise money to defray the expenses of building market-houses, and pay the salaries of officers they appoint to prevent the sale of unsound provisions—and they have an undoubted right to prevent the violation of ordinances they may pass in establishing markets.

They have an undoubted right to prevent the violation of any ordinance they may pass in relation to the markets.

It appears they have established several stands on the levee for the sale of oysters, and they farm out these stands.

The ordinance complained of, is an auxilliary one to that establishing these stands. The Council thought it proper to confine the sale of oysters in the city to these stands.

No one would rent a stall to sell meat in the market-house, or any of these stands, if butcher's meat or oysters, could be sold in a temporary stall near the market-house, or elsewhere, or sell oysters at any other stand.

The ordinance prevents the keeping of heaps of oysters elsewhere than in those stands. In this the salubrity of the city seems to have been considered by the Council. Heaps of oysters having a great tendency to putrefaction,

They have the right to confine the sale of oysters to certain designated stands, and to prevent their being sold at any other.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be affirmed with costs