## No. 2.

### FRANCOIS LAMARQUE v. CITY OF NEW ORLEANS.

1. The act conferring upon the City of New Orleans the right to govern, and enforce police regulations affecting private markets, does not infringe the equal rights of individuals provided for in Art. 235 of the Constitution of the State.

2. Art. 248 of the Constitution refers to the slaughtering of animals for human food, and not to the exposure of such products for sale. The public market places of the City of New Orleans are not monopolies; established in accordance with law, they are open without discrimination to all citizens; they do not exist in contravention of Art. 258 of the Constitution.

3. The title of an Act No. 100, approved March 15, 1878, is comprehensive, and sufficiently suggests the subject-matter of the legislation. 31 An. Rep. p. 544.
4. The general powers of the city under its charter are sufficient to warrant their enacting the necessary ordinances, controlling the management of public markets and the sale of comestibles, in the interest of the public.

*Appeal from Sixth District Court.  Rightor, Judge.*

*Simeon Belden* for plaintiff.

*E. H. Farrar* for defendant.

ROGERS, J.—Article 235, Constitution of the State, adopted in 1879, which provides that the exercise of the police power of the State shall never be abridged, nor so construed as to permit corporations to conduct their business in such manner as to infringe the equal rights of individuals or the general well-being of the State, is not violated by an Act of the Legislature which empowers the Council of the City of New Orleans to pass ordinances and make regulations for the government and regulation of private markets; the right to govern and enforce regulations affecting such markets, does not infringe the equal rights of individuals.

A market, whether public or private, has a well accepted definition; and Art. 248 of the Constitution, which delegates to the police juries and municipal authorities the sole power to regulate the slaughtering of cattle and other live stock within their respective limits, and prohibiting a monopoly or exclusive privilege for such purposes, does not apply to places where the slaughtered cattle and other live stock is exposed for sale for purposes of human food. The business of slaughtering cattle being distinct from that of selling the products thereof.

The public markets of the City of New Orleans are open to all persons alike, and were erected under the exercise of proper corporate authority. No discrimination is made between individuals, and the plaintiff has the same rights that are enjoyed by others; and the mere fact that he does not desire to avail

himself of them, and proposes to exercise his own will against that of the corporation, cannot declare the support and continuance of market places by the City of New Orleans a monopoly feature and in contravention of Art. 258 of the Constitution.

Art. 29 of the Constitution, providing that " every law enacted by the General Assembly shall embrace but one object, and that shall be expressed in the title," is not violated by Act No. 100, approved March 15, 1878, which enacts " An Act to repeal an Act entitled an Act to regulate the private markets in the City of New Orleans, and for other purposes," being " Act No. 31 of the session of the General Assembly for one thousand eight hundred and seventy-four (1874), and to authorize the Council of the City of New Orleans to pass ordinances and make regulations for the government and regulation of private markets in said city," because the title is comprehensive and sufficiently suggests the subject-matter of the legislation. 31 An. 544.

An ordinance of the city, passed under the authority of such act, prohibiting private markets to be kept within a radius of six squares of any public market, is not null and void; because, first, the Legislature was competent to delegate its police authority to the city to regulate and govern private markets ; and, secondly, the city from the inherent powers of its charter (Act No. 5, Extra Session 1870), has complete authority over its markets, to provide for their cleanliness and salubrity, and the inspection of all comestibles sold either in the m rkets or other public places. 2 La. 217 ; 27 An. 417.

And even if the right delegated to the city by the Act of 1878 was to regulate and govern private markets simply, the general powers of the corporation under its charter are sufficient to restrict the sale of comestibles to localities, in the interest of the community.

Judgment affirmed.

Rehearing refused.