State vs. Sarradat et als.

No. 11,391.

STATE OF LOUISIANA VS. JOHN L. SARRADAT, LOUIS KUNTZ ET ALS.

City Ordinance 4155, C. S., is constitutional, legal and valid.

The City Council of New Orleans has the unquestioned authority to designate a place where perishable food may be sold, such as meats, fish, fruits, vegetables, etc.; to regulate the police of the market places, to lease the same, not for the purposes of revenue solely, but in order to maintain the market buildings and the police of the same. And for this purpose to authorize the lessee to charge a reasonable sum for stalls and space.

Because one raises his own produce gives him no right to sell it in violation of a city ordinance.

The city ordinance regulating the markets must give free access to the markets and afford proper facilities to persons who desire to sell goods which the ordinance requires to be exposed for sale there. The ordinance must be impartial, making no discriminations and creating no monopolies, and offering no serious impediments to trade.

APPEAL from the Second Recorder's Court of the City of New Orleans. *Aucoin, J.*

*E. A. O'Sullivan*, City Attorney, *Geo. W. Flynn*, Assistant City Attorney, for Plaintiff and Appellee:

The city asks no tax, but simply, under the powers granted it by the Legislature, in order to maintain, not a monopoly, but to maintain public markets, has provided that neither fish, meat nor vegetables shall be sold within prescribed limits.

*Sambola & Ducros* Attorneys for Defendants and Appellants:

Evidence tending to show the alleged unconstitutionality or illegality of any fine or penalty imposed by a municipal corporation must be admitted by the police magistrate. Const. 81.

Amended Sec. 22 of the Market Ordinance of this city is not applicable to gardeners. R. S. 2670.

The facts proved below are not at all the acts prohibited by Sec. 27 thereof, which does not apply thereto.

The powers of a municipal corporation are strictly construed; possesses only such powers as are delegated specially or by necessary implication. Cooley, pp. 192, 193; 38 An. 3, 4; Act 20 of 1882, Sec. 7, p. 20.

A municipal ordinance must be reasonable and not oppressive or vexatious, nor must it be in restraint of trade or contrary to common right. Boone, Secs. 292, 296; Cooley, 200, 202, 203; 39 An. 138, 139.

---

The opinion of the court was delivered by

McENERY, J. The defendants were convicted and fined for violating Secs. 22, 26 and 27 of City Ordinance 4155, C. S., amended by Ordinance 4274, C. C. They appealed, alleging the unconstitutionality and illegality of the ordinance. In detail the defence is that the provisions of said ordinance are oppressive, and contrary to the enlightened policy of the State, and "inasmuch as Sec. 27 aforesaid prohibits the sale of their vegetables in any other part of the market or vicinity, and during more than half the business portion of the day—i. e., between the hours of 7 o'clock A. M. and 2 o'clock P. M.—in violation of the 1st and 206th articles of the State Constitution;" that the said sections of the ordinance are arbitrary and in restraint of trade, and in contravention of common as well as private rights; that the provisions of Sec. 22, if they apply to defendants' calling, exclude them from the markets, in violation of their constitutional rights to sell produce; that the sale of defendants' vegetables is not a nuisance and injury to the public health; that the police force of the city and the market lessees are convinced of the illegality of the ordinance and have not hereto attempted to enforce it, and permit the sale of vegetables from gardeners' carts at the market on the payment of twenty-five cents per day.

Article 206 of the Constitution has no application to the case. Art. 1 has reference to the origin of government from the people, and defines the legitimate objects of government, its legitimate end being "to protect the citizens in the enjoyment of life, liberty and property." Its failure to protect the public health would be as great a violation of its "legitimate end" as to actively depart from its object by the enactment of a law infringing upon the rights of the individual.

We may assume, therefore, that the proper regulation of the markets is a sanitary measure, being for the purpose of promoting the public health, and a legitimate exercise of governmental power. In the exercise of this power the Legislature has conferred ample and

complete power on the city council to establish markets and to provide for the cleanliness and salubrity of the city. In carrying out this conferred power the city council has the power " to designate certain spots or places for the sale of certain articles of provisions; in doing so they facilitate the people in the purchase of provisions of first necessity by confining the sale of them to particular places and hours of the day, and they facilitate the inspection of provisions; and by the hire of stalls they raise money to defray the expenses of building market houses and pay the salaries of officers they appoint to prevent the sale of unsound provisions; and they have an undoubted right to prevent the violation of ordinances they may pass in establishing markets." Morano vs. Mayor *et als.*, 2 La. 217.

The doctrine enunciated in this case seems to be universal. Dillon on Corp., Sec. 313; Parker and Worthington, Public Health and Safety, par. 305; State vs. Gisch, 31 An. 544.

The right to establish public markets is accompanied by the right to prevent the establishment of private markets within certain prescribed limits. Parker and Worthington, Public Health and Safety, par. 307; State vs. Gisch, 31 An. 544; New Orleans vs. Stafford, 31 An. 417; State vs. Schmidt, 41 An. 27; State vs. Boothe, 41 An. 46; State vs. Natal, 42 An. 612; State vs. Defees, 44 An. 164.

And also to prohibit the peddling about the streets of the city of all perishable food articles.

The city council therefore has the unquestioned authority to designate a place where perishable articles of food, such as meat, fish, fruits and vegetables, may be sold, in the market limits; to regulate the police management of the market places, to lease the same, not for the purposes of revenue alone, but in order to maintain the proper police of the markets, the building of market houses and the repairs to the same. And for this purpose to authorize the lessee to charge a reasonable sum for stalls and market room. *Id.*, Sec. 217.

The establishment of market places is for public convenience as well as for the promotion of the cleanliness and health of the city. It is not a permit or license to sell particular articles there, and therefore no special license for selling at that particular place can be exacted. But this does not prohibit the payment for the use of stalls and market room or space, which is exacted for the purpose of keeping up the market places. The market places having for their double purpose the preservation of the public health and the general

convenience of the public, all persons who resort to them for the sale of such articles as are required to be sold there must have access to them; the market regulations must be impartial, affording the same rights to all, avoiding the creation of monopolies in one or several persons, and the prohibition of trade in any article, or an undue restraint of trade. Parker and Worthington, Public Health and Safety, par. 308; Dillon, Municipal Corp., Sec. 380; City of Jacksonville vs. Ludwith, 26 Florida, 163; State vs. Mahner, 43 An. 497.

Section 22 of the ordinance prohibits the peddling of meats, fish, game, fowl, vegetables and fruits in any of the public markets, or within six blocks of same.

Section 26 gives the right to market wagons to back up to the banquettes along the markets to deliver goods previously sold to occupants of stalls. It prohibits the owners of the wagons from selling their produce from said wagons between the hours of 7 A. M. and 2 P. M. No fees or dues can be collected from said wagons.

Section 27 prohibits the sale of any article on the sidewalk, on the public walks in front or in the rear or around any of the markets.

The offence of defendants was selling from their wagons while they were backed to the market banquette for the purpose of delivering goods previously sold to owners of stalls.

Under the terms of the law referred to above, we are unable to see wherein any of the rights of defendants were infringed. They were dealers in vegetables, which the ordinance required should be sold if in the market limits, within market hours. They were not excluded from the sale of their produce in the markets. They could have rented stalls or space and disposed of their goods within the market inclosure.

There was no monopoly created in favor of one or more persons by the prohibition of the sale of certain articles immediately on the banquettes and approaches to the markets. This regulation did not prevent their sale elsewhere, either in the market or beyond the market limits. The market ordinance is not oppressive, as it interferes with no right of the defendants. It is not partial and does not operate against them exclusively, but is applicable to the vendors of articles or goods required to be sold within certain limits and within certain hours.

The complaint about deficiency of room for the numerous carts or wagons at the market has nothing whatever to do with the case.

There is no prosecution for obstructing the approaches to the market by defendants' carts. The testimony which was rejected also has no place in determining the question at issue. It is immaterial whether the defendants for a long time were permitted by the market lessees and the police to sell from their wagons while backed to the market sidewalks, or that they were required to pay twenty-five cents for selling from their wagons. The ordinance does not require the payment of such a fee, and the evidence was irrelevant.

Because the defendants raised the produce which they sold in violation of the ordinance gave them no special privilege of exemption from its operations.

The case of State vs. Blazer, 36 An. 363, relied upon by defendants, presents a different state of facts and different issues were involved, and it therefore is inapplicable here.

Judgment affirmed.