Millikan *et al. v.* Temple.

No. 10,585.

## MILLIKAN ET AL. *v.* TEMPLE.

PRACTICE.—*Complaint of Two Paragraphs.—Demurrer to Complaint.—Ruling as Error.—Waiver of Error as to One Paragraph.—Supreme Court.—*A demurrer to a complaint of two or more paragraphs, as an entirety, if either one is good, should be overruled. If such demurrer is overruled, and such ruling is the only error assigned, and, pending the appeal, the defendant files a written waiver of any and all errors as to the overruling of the demurrer, and the judgment below, as to one paragraph of the complaint, the record will show no error in overruling the demurrer to the other paragraph or paragraphs of the complaint, and the Supreme Court must affirm the judgment.

From the Tippecanoe Circuit Court.

*G. O. Behm* and *A. O. Behm,* for appellants.

*J. R. Coffroth* and *T. A. Stuart,* for appellee.

HOWK, J.—By the record of this cause and the appellants' assignment of error endorsed thereon, the only question presented for the decision of this court is the sufficiency of the facts stated in appellee's complaint to constitute a cause of action against the appellant Frank Millikan.

The appellee's complaint contained two paragraphs, and the demurrer of the appellant Millikan was to the complaint as an entirety, and not to each paragraph separately. The demurrer was overruled by the court to the entire complaint, and the only error assigned by the appellants, in this court, is thus assigned : " That the court erred in overruling the demurrer of Frank Millikan to the appellee's complaint." After the record and the appellants' assignment of error thereon, in this cause, were filed in this court, a written agreement signed by the counsel of the respective parties, appellants and appellee, was also filed herein, in substance as follows : " Since the appeal was taken in this case, the appellant Millikan has received the full amount due him for the taxes paid by him, upon the real estate mentioned in the first paragraph of plaintiff's complaint. It is therefore agreed

that appellant shall amend his assignment of errors, in this case, by striking out all that part thereof that relates to the matters alleged in that first paragraph of complaint.   And any and all errors, as to the overruling of the demurrer and the judgment of the court below, are hereby waived as to that paragraph of complaint."

This agreement was filed in this court on the 29th day of May, 1883; and, although more than five months have since elapsed, the appellant has not amended his assignment of errors.   Indeed, we can not see that any amendment can be made to the appellant's assignment of errors.   The only ruling or decision of the trial court, to which any exception was saved or reserved by the appellants or either of them, was the overruling of the demurrer of the appellant Millikan to appellee's complaint as an entirety.   Upon this ruling, it is very clear, we think, that the appellants could not have properly assigned, as error, that the court had erred in overruling a demurrer to the first paragraph, or to the second paragraph of appellee's complaint; for the necessary and sufficient answer to such an assignment of error would be that no such error is shown in or by the record.   Where the complaint contains two or more paragraphs, and the demurrer is to the complaint as an entirety, it is settled by the decisions of this court that the demurrer must be overruled if any one of the paragraphs is good.   *Urton* v. *Luckey*, 17 Ind. 213; *Jewett* v. *Honey Creek Draining Co.*, 39 Ind. 245; *Romine* v. *Romine*, 59 Ind. 346.

If, therefore, in the case at bar, the first paragraph of the appellee's complaint is good, it is certain that the court did not err in overruling the demurrer to the complaint as an entirety, even though the second paragraph is clearly bad. The sufficiency of the first paragraph of the complaint is not now called in question in this court; for the appellant, as he had the right to do, has expressly waived " any and all errors as to the overruling of the demurrer, and the judgment of

the court below, as to that paragraph of complaint." In the consideration of this cause, therefore, we must assume that the first paragraph of the complaint is good, and that in over-ruling the demurrer to that paragraph, the court committed no error. The first paragraph being good, the question of the sufficiency or insufficiency of the second paragraph is not presented for our consideration by the ruling assigned as error; because, whether the second paragraph be good or bad, the ruling of the court, complained of by the appellants, was not erroneous.

In this state of the case, we are of opinion that we must affirm the judgment.

The judgment is affirmed, with costs.

Filed Nov. 1, 1883. Petition for a rehearing overruled March 28, 1884.