City of Anderson *v.* O'Conner.

———————

No. 11,858.

CITY OF ANDERSON *v.* O'CONNER.

MUNICIPAL CORPORATION.—*Powers and Duties.—Discretion.*—A municipal corporation can only exercise such powers as are conferred upon it, either expressly or by necessary implication, by the law under which it is incorporated; but where the power to do an act is conferred upon the corporation, and the law is silent as to the manner of doing such act, the corporate authorities are necessarily clothed with a reasonable discretion to determine the manner in which such act shall be done.

SUPREME COURT.—*Weight of Evidence.*—The Supreme Court will not disturb the verdict of a jury upon the mere weight of the evidence.

SAME.—*Excessive Damages.*—One of the statutory causes for a new trial is excessive damages, and, unless it is assigned as cause for a new trial in the motion therefor, no question in relation to excessive damages is properly presented for the decision of the Supreme Court.

From the Madison Circuit Court.

*M. S. Robinson* and *J. W. Lovett,* for appellant.

*W. R. Pierse, C. B. Gerard* and *R. Lake,* for appellee.

HOWK, J.—This was a suit by the appellee, Hannah O'Conner, against the appellant, the City of Anderson, in a complaint of two paragraphs. The cause was put at issue by the appellant's answer in general denial of the complaint. The issues joined were tried by a jury, and a verdict was returned for the appellee, assessing her damages in the sum of $85, and over the appellant's motion for a new trial, judgment was rendered on the verdict.

The appellant has here assigned, as errors, the following decisions of the circuit court:

1. In overruling its demurrer to appellee's complaint; and,

2. In overruling its motion for a new trial.

In the first paragraph of her complaint, the appellee alleged that, on the 17th day of March, 1883, the appellant leased and rented of the appellee a house belonging to her, in Anderson, Indiana, by the month, for which house appellant agreed and promised to pay appellee $5 per month for each month in advance; that in pursuance of such agreement, appellant took possession of said house, on March 17th, 1883, and then paid appellee the first month's rent therefor in advance; that the appellant had never surrendered said house to appellee, that the tenancy still continued, and that there was then due from appellant, for such rent, the sum of $40, which sum appellant failed and refused to pay. Wherefore, etc.

In the second paragraph of her complaint, the appellee first stated the appellant's indebtedness to her for rent of her house, substantially as the same is stated in the first paragraph, and then alleged that the appellant, in further consideration of the premises, agreed to properly take care of and protect said property and house from all danger and damages, and to be guilty of no negligence in the care and protection of the same, and to properly repair the same whenever necessary, and to deliver the same to appellee, at the expiration of the tenancy, in as good condition and repair as the same then was; that the house was then in good repair as a residence, and was rented and received, and was to be held by appellant and occupied as a residence; that, under such contract, appellant took possession of said residence on March 17th, 1883, and on that day placed therein a person, then under appellant's control, who had the dangerous disease known as the small-pox, to be there treated and nursed for such disease, well knowing that such person then had such dangerous disease; that a few days after such diseased person was so placed in said house, he died of said small-pox; and the appellant removed the dead body of such per-

son from said house for burial, and, without giving appellee any notice whatever, negligently. left no person in charge of said house, left fire in the fire-place therein, did not lock or bolt the doors thereof, but wholly abandoned the same as to all care therefor, and procured no one to watch over or protect the same, and left such house without any one to look after it or to take care or charge thereof; that by reason of appellant's negligence as aforesaid, the appellee's said house, on or about March 20th, 1883, was wholly destroyed by fire; that such house, at the time it was so destroyed, was worth the sum of $300, in which sum the appellee, by means of the premises, had sustained damages.    Wherefore, etc.

The appellant demurred to each of the paragraphs of complaint, "separately and severally," upon the ground "that neither of said paragraphs states facts sufficient to constitute a cause of action."   This was the demurrer which the court overruled.   But it can hardly be said that this ruling is called in question by assigning, as error, the overruling of a demurrer to the entire complaint.   This latter ruling is not shown by the record, and, if it were, there would be no error in the ruling, if either paragraph of the complaint stated a cause of action.   *Millikan* v. *Temple*, 94 Ind. 261. Waiving this point, however, and conceding, without deciding, that appellant's assignment of error questions, "separately and severally," the sufficiency of each of the paragraphs of complaint, we are of opinion that each paragraph stated facts sufficient to constitute *prima facie* a cause of action against the appellant.

In discussing the supposed insufficiency of the complaint, the appellant's counsel say:   "We have only to say that the complaint and each paragraph show that the contract of renting set out was, as to the city of Anderson, *ultra vires* and void.   The city, as a municipal corporation, had no authority to rent or lease the property.   The first paragraph shows that defendant rented the house, without showing for what purpose it was rented or leased, or that it was for any pur-

pose connected with the business of the corporation, or the proper conduct and management of the city's affairs. The second paragraph of the complaint avers that the property destroyed was rented by the city for a residence, and to be used as such, etc. We can not find anywhere in the statutes relating to cities, in this State, any authority granted to a city to rent or lease property, except for use in the proper business of the corporation, and surely the renting of a residence is not within the scope of the city authorities. A municipal corporation can only exercise such powers as are granted by its charter, or the general laws under which it is organized."

This is the entire argument of the appellant's counsel upon the question of the alleged insufficiency of each paragraph of the complaint. We have set it out at length, for the reason that it contains a clear and terse statement of the grounds upon which counsel claim that the court erred in overruling the demurrer to each paragraph of complaint. Counsel are not so accurate as they usually are, when they say that each paragraph of the complaint shows "that the contract of renting set out was, as to the city of Anderson, *ultra vires* and void." The utmost that can be correctly said, on this point, as to either paragraph of complaint, is, that it fails to show whether or not such contract of renting was *ultra vires*, and therefore void. There were many uses and purposes for which the appellant might lawfully rent and lease the appellee's house; and where appellee averred, and appellant admitted, a contract of renting by the appellant, the presumption would be, in the absence of any showing to the contrary, that such contract was a legitimate exercise of corporate power by the appellant, in the proper conduct and management of its affairs. In other words, if it were claimed that the contract of renting was unlawful, or for an unlawful purpose, and not within the scope of appellant's corporate powers, this was matter of defence to be shown by the ap-

pellant, and was not a matter to be presumed or inferred from the contract itself.

Doubtless, it is true, as appellant's counsel claim, that a municipal corporation can only exercise such powers as are conferred upon it by the laws under which it is incorporated. But where the power to do an act is conferred upon the city, and the law is silent as to the manner of doing such act, the city authorities are necessarily clothed with a reasonable discretion in determining how such act shall be done. Under the *twenty-fourth* clause of section 3106, R. S. 1881, in force since March 10th, 1873, the appellant had the discretionary power either "To remove or confine persons having infectious or pestilential diseases." Having this power, and there being within its corporate limits a person diseased with small-pox, it became the duty of the appellant to remove or confine such person. How this should be done, the law failed to provide, but it was none the less the duty of the appellant to remove or confine such diseased person; and the manner in which it should be done was left, as it should have been, to the sound judgment and reasonable discretion of the appellant. In the exercise of its power and in the performance of its duty, in the premises, the appellant rented and leased of the appellee the house described in her complaint. Whether or not the appellee was deceived, in regard to the purpose for which her house was rented, is not very material. Under the allegations of the second paragraph of complaint, admitted to be true by the demurrer thereto, it is certain that the appellant, as it had the power to do, rented, used and occupied appellee's house, as a pest-house, for the purpose of confining therein the person having the small-pox, as stated in such paragraph. The act thus done was not only within the corporate power of the appellant, but it was within its duty under the law.

For the reasons given, we are of opinion that the court committed no error in overruling the demurrer to each paragraph of appellee's complaint.

City of Anderson *v.* O'Conner.

The remaining error, to be considered, is the overruling of appellant's motion for a new trial. In this motion, the causes assigned for such new trial were, that the verdict of the jury was not sustained by sufficient evidence, and was contrary to law. These causes for a new trial present for our decision this single question : Is there legal evidence, appearing in the record, which tends to sustain the verdict on every material point? We are clearly of the opinion that this question must be answered in the affirmative. In such a case, it is neither our province nor our duty to attempt to weigh the evidence and determine its preponderance. The weight of evidence and the credibility of witnesses are questions peculiarly within the province of the jury; and when their verdict has met the approval of the trial court, there must be an absolute failure of evidence on some material point, apparent in the record, before we would be authorized to reverse the judgment below, merely on the evidence. *Hayden* v. *Cretcher*, 75 Ind. 108; *Cornelius* v. *Coughlin*, 86 Ind. 461; *Town of Princeton* v. *Gieske*, 93 Ind. 102.

The point is made by appellant's counsel that the damages assessed by the jury were excessive. Excessive damages is one of the statutory causes for a new trial; and, to present this question for the consideration and decision either of the court below or of this court, it must be assigned as cause for a new trial in the motion therefor. *Floyd* v. *Maddux*, 68 Ind. 124; *Warner* v. *Curran*, 75 Ind. 309; *Bake* v. *Smiley*, 84 Ind. 212.

The motion for a new trial was correctly overruled.

The judgment is affirmed, with costs.

Filed Oct. 28, 1884.