Filed Nov. 29, 1892.

———————◆———————

No. 15,489.

SCUDDER v. HINSHAW ET AL.

MUNICIPAL CORPORATION.—*Ordinance Requiring License of Hackneymen. —Validity.—Power Over Streets and Travel on or Across Same.*—An ordinance of an incorporated town regulating the running of hacks, by requiring a license, is a proper and reasonable exercise of municipal power, and is fully implied and authorized by the statutes, and this is true particularly of clause 16, section 3333, R. S. 1881. And this power over the streets also extends to all reasonable regulations, as to railroad crossings, movements of street cars, fast driving, and to any other use of the street which may make travel upon them dangerous to the public.

From the Henry Circuit Court.

*W. Woods* and *J. L. Shelton*, for appellant.

*L. P. Newby* and *M. E. Forkner*, for appellees.

HOWARD, J.—This was an action on the bonds of Charles C. Hinshaw, a justice of the peace for Wayne township, in Henry county, and Valentine Steiner, marshal of Knightstown, an incorporated town situated in said township. The action was brought by appellant against said justice and marshal and their respective bondsmen, the appellees, for damages for alleged arrest and false imprisonment.

Appellees answered by general denial, and, also, by special plea in justification, alleging that appellant was arrested by appellee Steiner, as such town marshal, on a warrant issued by appellee Hinshaw, as such justice, for driving a hack for hire within the corporate limits of said town, without having been licensed so to do, according to the provisions of an ordinance duly passed by the board of trustees of said town; and that appellant pleaded guilty to such charge, and was fined; setting out also copies of the proceedings before the justice, and the ordinance.

Appellant demurred to the special answer for want of facts. The demurrer was overruled, and appellant, refusing to plead further, has appealed.

While there are many irregularities disclosed in the record, yet the only question which need be decided is the validity of the ordinance set out in the answer.

The ordinance provided that it should be unlawful for any person to drive a hack or other vehicle for carrying passengers for hire within the corporate limits of the town, without being licensed so to do; that the price for such license should be three dollars per week or one dollar per day, with a fee of fifty cents to the town clerk; and that the fine for a violation of the ordinance should be two dollars, with costs of suit.

Appellant contends that the town had no power to pass such an ordinance.

Section 3333, R. S. 1881, clause 16, provides that the board of trustees of an incorporated town shall have power "To make and establish such by-laws, ordinances, and regulations, not repugnant to the laws of this State, as may be necessary to carry into effect the provisions of this act; and to repeal, alter, or amend the same as they shall seem to require."

In clause 6 of said section, the board is given power "To prevent interference with the free use of the streets and alleys of the town. And to preserve peace and good order, and prevent vice and immorality."

By section 3328 the board of trustees of an incorporated town is empowered to superintend the grading, paving and improving of streets, and the building and repair of sidewalks; and by section 3367 the same board is given "Exclusive power over the streets, alleys, highways, and bridges within the corporate limits of such town."

To this exclusive power over the streets and alleys is attached the corresponding duty to keep them at all times safe for the use of the citizens of the town and the travelling public. *Town of Centerville* v. *Woods,* 57 Ind. 192; Dillon Munic. Corp., section. 789.

By section 3156 cities and incorporated towns are authorized to levy a specific tax on omnibuses, or any carriages or other "vehicles used and run for passengers for hire, unless the same be licensed," thus intimating that such power to license exists.

It is only by necessary implication from sections 3333 and 3367, *supra*, that towns have the right to regulate the running of railroad trains over street crossings; yet the power of the town to pass ordinances for that purpose is clearly recognized in sections 2178 and 4020.

By section 3346 the town board is given power to en-

act fines, penalties, and forfeitures for violations of any by-law or ordinance by them established.

If the town had the power to regulate the use and running of hacks for hire upon the streets, it had the power to license them, and to impose a penalty for a violation of an ordinance so regulating and licensing such hacks. *Smith* v. *City of Madison*, 7 Ind. 86; *City of Anderson* v. *O'Conner*, 98 Ind. 168.

In *Nealis* v. *Hayward*, 48 Ind. 19, the town of Lebanon had passed an ordinance regulating fast driving on the streets. It was contended, as in this case, that the town had no power to pass such ordinance, as such power was not expressly given by statute. The court, however, held that the power was given by implication in section 3333, clauses 4, 6 and 16, and in section 3346, *supra*, and held, further, that the passage of such ordinance was a reasonable and proper exercise of municipal power.

We are likewise of opinion that an ordinance regulating the running of hacks in an incorporated town is a proper and reasonable exercise of municipal power, and that it is fully implied and authorized under the statutes referred to, particularly the general welfare clause, being clause 16 of section 3333, *supra*. Indeed, Dillon, in his Municipal Corporations, goes further than this, and, in a note to section 315 quotes with approval from *State* v. *Ferguson*, 33 N. H. 424, that "The power to make by-laws, when not expressly given, is implied as incident to the very existence of a corporation." But the power given in sections 3333 and 3367, *supra*, was ample authority for the enactment of such an ordinance as we are considering.

It is the duty of the town authorities, and they have ample power, to regulate public travel upon the streets so as to make their use at all times safe for those who have occasion to go upon them. This power extends to all

reasonable regulations as to railroad crossings, movements of street cars, running of hacks and omnibuses, to fast driving, and to any other use of the street which may make travel upon it dangerous to the public.

The demurrer to the answers was properly overruled. The judgment is affirmed.

Filed March 14, 1893.