[No. 1835.  Decided September 27, 1895.]

J. L. HOWE, *Appellant*, v. ELLA BARTO *et al.*, *Respondents*.

**POWERS OF CITIES OF FIRST CLASS — TAX DEEDS AS EVIDENCE.**

Under the constitutional and statutory provisions giving a city of the first class the power to frame a charter for itself and provide therein for the assessment and collection of taxes, such city is authorized to include in its charter the means of enforcing the collection of taxes by sale and conveyance of the property, and to provide that such tax deeds should be *prima facie* evidence of the regularity of the prior proceedings and of the recitals in the deed.

It being within the power of a city of the first class to provide in its charter for the force to be given its tax deeds as *prima facie* evidence of their recitals, it is the duty of the state courts to recognize and give force to such provisions.

*Appeal from Superior Court, King County.*

*Clise & King*, for appellant.

*Strudwick & Peters*, for respondents.

The opinion of the court was delivered by

HOYT, C. J.—But a single question is involved in this appeal, and that is as to whether or not the courts must give force to certain sections (art. 9, §§ 35, 36), in the freeholders' charter of the city of Seattle relating to tax deeds. Such sections are a part of the article relating to the assessment and collection of taxes and provide that deeds executed by the proper officer upon sale of land for taxes assessed as provided in said article shall, *prima facie*, establish the fact, that the proceedings provided for in said article and recited in the deed have been taken as provided for in the charter.

It is claimed by the respondents that these sections

prescribe a rule of evidence for state courts, and that to do so was not within the power of the city in adopting its charter under the constitution and laws of the state. If the effect of such sections was to prescribe the manner in which a state court should transact its business, the claim of respondents would have to be sustained. But, as we understand them, they provide for no such thing. It is unquestioned that, under the constitution and laws, it was competent for the city to provide in its charter for the assessment and collection of taxes, and, to make such authority of any benefit, it must be held that it had the right to provide a penalty for failure to pay taxes so assessed, to provide for the sale of the property for the payment of the taxes thereon, and for the conveyance thereof by the proper officers of the city to the purchaser at such sale. This much must be conceded and is not disputed by the respondents.

If the city has the power to provide for the conveyance of the property, we can see no reason why it is not competent for it to provide, within proper constitutional limitations, what shall be the effect of the conveyance. The deed is executed for the purpose of conveying to the purchaser the property described therein. If the charter could provide that it should have such force, there seems to be no good reason why it could not provide that it should have such further force as to prove itself. To do so would no more interfere with the course of proceeding in a state court than would the provision providing for a tax levy and for a sale thereunder. The city was clothed with the power to provide for the levy of taxes and for the enforcement of their collection, and as a part of such power it might properly provide that if the taxes were not paid the property should be conveyed in satisfac-

tion thereof, and if it could provide that such convey-ance passed title, we see no reason why it could not provide that such deed should not only have force to pass title but should further have such force as would prove itself and the recitals therein. It might be beyond its power to provide that the deed should conclusively establish the facts recited therein, for the reason that constitutional rights might thus be cut off, but to give it such *prima facie* force could in no manner affect such constitutional rights. In our opinion, it was within the power of the city to enact as a part of its charter the sections under consideration, and that it was the duty of the court to give force to their provisions, so far at least as they provided for the *prima facie* force of the conveyance.

The judgment must be reversed and the cause remanded for a new trial.

ANDERS, SCOTT, GORDON and DUNBAR, JJ., concur.