IN THE

# APPELLATE COURT

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1896, AND MAY TERM, 1897, IN THE EIGHTY-FIRST YEAR OF THE STATE.

---

## THE TOWN OF KENTLAND v. HAGAN.

[No. 2088. Filed February 2, 1897.]

MUNICIPAL CORPORATIONS.—*Liability for Defective Streets and Sidewalks.*—An incorporated town may become liable for injuries resulting from defective streets and sidewalks. *pp. 2, 3.*

PRACTICE.—*Interrogatories to Jury—Venire de Novo.*—Allowing or refusing to allow certain questions to be asked the jury as a part of the special verdict is no ground for a *venire de novo. p. 3.*

SAME.—*Interrogatories to Jury.—New Trial.*—The allowing or refusing to allow any interrogatory, and the changing or modification of any interrogatory, by the court, may be objected to by counsel, and the exception to the ruling saved by bill of exceptions, and is properly presented by motion for new trial. *p. 5.*

APPEAL.—*When Evidence is Properly in the Record.*—The evidence is properly in the record on appeal where it affirmatively appears that the longhand manuscript of the evidence was first filed in the clerk's office and afterwards incorporated in the bill of exceptions, signed and certified by the trial judge and again filed in the clerk's office within the time allowed. *p. 6.*

From the White Circuit Court. *Affirmed.*

*E. B. Sellers, W. E. Uhl, William Cummings,* and *William Darroch,* for appellant.

*A. W. Reynolds, M. M. Sills,* and *Frank Davis,* for appellee.

HENLEY, J.—This was an action brought by the appellee against the town of Kentland, to recover for damages sustained by appellee on account of a defective sidewalk in said town. The complaint was in two paragraphs. Appellant answered by general denial. There was a trial by jury and a special verdict, by way of answers to interrogatories, awarding appellee damages at $3,500.00. Appellee remitted $1,500.00 of the judgment, and upon his motion the court rendered judgment in his favor for $2,000.00. At the proper time appellant moved for a *venire de novo*, which was denied, and the motion for a new trial overruled.

Errors were assigned as follows:

1. The complaint does not state facts sufficient to constitute a cause of action.

2. The court erred in overruling the motion for a *venire de novo*.

3. The court erred in overruling the appellant's motion for judgment on the verdict.

4. The court erred in overruling appellant's motion for a new trial.

We will examine the errors complained of in the order in which they were assigned and discussed by counsel for appellant.

Appellant attacks the sufficiency of the complaint solely upon the ground that an incorporated town is not liable in any instance for injuries occurring from defective streets or sidewalks.

The Supreme Court of this State has repeatedly held to the contrary, and this is not, therefore, an open question for this court. *Town of Centerville* v. *Woods*, 57 Ind. 192; *Lowrey, Admr.*, v. *City of Delphi*, 55 Ind. 250; *Scudder* v. *Hinshaw*, 134 Ind. 56.

The same doctrine is also adhered to in the well considered case of *Board, etc.*, v. *Allman, Admr.*, 142 Ind. 573,

where Monks, J., delivering the opinion of the court, quotes with approval the following from the case of *Cones* v. *Board, etc.*, 137 Ind. 404: "It will be found that the authorities upon which cities and towns, as municipal corporations, are held liable for the results of the negligence of official duties make this distinction: That such municipalities are voluntary corporations organized for public purposes, and possessing legislative, administrative and judicial functions not possessed, to the same degree, by counties or townships, and that they exercise and enjoy advantages purely local and which are independent of the State, and inure to their benefit as distinguished from that of the State.

"We are aware that profound jurists do not agree with the doctrine that cities and towns are less governmental subdivisions of the State, * * * than counties or townships, but, aside from the reasons so stated for the support of the distinction, it is plain to us that counties have no such power as cities or towns to ordain, in a corporate capacity, what improvements shall be made, the free choice of agents to make them, and the discretion as to the rate of levy to be made for the same."

For the reasons above stated we do not think it necessary to further discuss this branch of the case.

Counsel for appellant, in their argument, contend that the court erred in overruling the motion for a *venire de novo*. The only reason argued by counsel in their brief being that the court permitted the jury to answer, over appellant's objection, certain interrogatories as a part of the special verdict returned. The allowing, or the refusal to allow certain questions to be asked the jury as a part of the special verdict is no reason to support a motion for a *venire de novo*, and such a motion should be overruled, unless the verdict,

upon its face, is so defective as that no judgment can be rendered thereon. *Peters* v. *Banta,* 120 Ind. 416; *Board, etc.,* v. *Pearson,* 120 Ind. 426; *Bower* v. *Bower,* 146 Ind. 393.

At the request of appellant the court directed the jury to return a special verdict in the cause, upon all the issues therein, by way of answers to interrogatories. This was under our amended statute, which changed the practice from the narrative form of special verdict to the interrogatory form. Under the old system it was almost impossible for the jury to return an unbiased verdict. It was the practice of counsel for plaintiff and defendant to each prepare a special verdict in narrative form, reciting all the facts necessary to be found, covering all the issues in the cause. These went to the jury as prepared by the counsel. It was impossible for the jury not to know whose version of the facts they were adopting when they signed either the verdict prepared by counsel for plaintiff, or defendant. It was almost equally impossible, under the old law, for the jury, composed of men of ordinary intelligence, to discard both the forms submitted by counsel and prepare one of their own.

The legislature intended that the act of 1895, section 546, Horner's R. S. 1896, should remedy the defects set out above, and we believe that this subject will be accomplished if attorneys are by the trial court held strictly to the proper practice thereunder, and the trial courts themselves would use the same care in eliminating improper and duplicated questions, changing and reforming others if need be, that they would have used in preparing general instructions covering the law of the case. These general instructions in the trial of a cause, where a special verdict upon all the issues has been demanded, are unnecessary and improper; only such instructions

The Town of Kentland v. Hagan.

would be proper in this cause as would instruct the jury as to the form in which the interrogatories should be answered, the measure of damages, the weight of the evidence, and upon whom was the burden of proof.

After counsel for both plaintiff and defendant have submitted to the court the interrogatories they have prepared and desire propounded to the jury, and the court has carefully inspected the same, the interrogatories which the court thinks proper to submit to the jury should, we think, by the court, or under its direction, be rewritten and renumbered and submitted to the jury as coming from the court.

The propounding or refusal to propound any interrogatory, and the changing or modification of any interrogatory, by the court, may be objected to by counsel, and the exception to the ruling saved by bill of exceptions and is properly presented by the motion for a new trial.

The jury in the cause before us answered one hundred and twenty-five interrogatories, and if we should strike from the verdict those objected to by appellant, those numbered 5, 6, 11, 13, 21, 22, 26, still the facts found in answer to the remaining questions cover all the issues in the cause.

The jury found by answers to proper interrogatories, outside of those complained of, that the marshal and board of trustees of said town of Kentland knew of the defect in the sidewalk where appellee was injured, for two or three months prior to the time of such injury; that they had ample time, in the exercise of ordinary diligence, in which to have repaired the same before the injury complained of occurred, and that appellee received injuries on account of the condition of the said sidewalk, from which he has and still suffers great pain. These are a few of the facts found; there is nowhere in the special ver-

dict any fact found which would charge the appellee with contributing in any way to the injury received, but, on the contrary, the facts found show that appellee was without fault.

Upon the facts found by the jury, we think the court was right in overruling appellant's motion for judgment upon the verdict, and in rendering judgment in favor of appellee upon his motion therefor. Appellee contends that the evidence is not in the record. The record affirmatively shows that the longhand transcript of the evidence was first filed in the clerk's office. It was afterwards incorporated in the bill of exceptions, signed and certified by the trial judge, and again filed at the clerk's office, all within the time allowed. This is in compliance with the statute and in line with the decisions of this court.

The evidence in this cause upon which the jury based its finding of facts is very conflicting. We have carefully read the voluminous record and find that every material fact found by the jury is supported by some evidence. We cannot disturb the finding of the jury upon the evidence in the cause, nor can we say that the judgment rendered was excessive. The court below did not err in overruling the motion for a new trial.

Judgment affirmed.

WILEY, J., took no part in the decision of this case.