## No. 12,409.

### THE STATE OF LOUISIANA VS. NICHOLAS B. NAMIAS.

The market ordinance of the city of New Orleans, prohibiting the sale of vegetables or fruits by peddlers or others within six squares of a public market, is valid. Dillon on Municipal Corporations, Sec. 380.

APPEAL from the First Recorder's Court of New Orleans. *Finnegan*, J.

*James J. McLoughlin*, Assistant City Attorney, and *Samuel L. Gilmore*, City Attorney, for City of New Orleans, Plaintiff, Appellee.

*Sholars & Schreiber* for Defendant, Appellant.

Argued and submitted March 17, 1897.
Opinion handed down April 12, 1897.

The opinion of the court was delivered by
MILLER, J. The defendant, prosecuted and fined for selling fruits

and vegetables within six squares of a public market prohibited by
an ordinance of the city council, takes this appeal, and claims the
reversal of the sentence on the ground of the unconstitutionality of
the ordinance.

The ordinance prohibits all sales in the public markets, after
12 o'clock M., except fruits and meats in limited quantities, and pro-
hibits the sale of fruits, vegetables and other articles of food within
six squares of the public markets by peddlers. The defendant is a
peddler of fruits and vegetables, and assails that portion of the or-
dinance which excludes him from selling within the area of six
squares of the public markets.

The defendant's contention is, that the sale of fruits and vegetables
within the prohibited area can not be deemed injurious to the public
health, or cleanliness of the city, and hence the ordinance in this
respect is not the exercise of the police power; he further contends
the ordinance prohibiting the peddler, but allowing sales of vege-
tables and fruits within the six squares by grocers, is unequal, op-
pressive and unjust, and in all aspects the prohibition placed by the
ordinance is assailed as unconstitutional.

It is pressed on us with great earnestness of argument that the
courts have the full power to scrutinize ordinances of the council
professing to exert the police power, and to protect the citizens
from the abuse of the power. Hence, it is argued, that the ordinance,
prohibitive of sales of fruit and vegetables, not decayed, but sound
and fresh, having no relation to public health, should be held
by us as not sanctioned by the police power. We have given
full attention to the line of authority cited in this connection. It
may be conceded, as it is put in one of the cases cited by defendant,
it is for the legislative department to determine when the occasion
arises for the exercise of the police power, but the subjects on which
the power is exerted is for judicial decision. The police power has
its limitations and whether exerted within those limitations, is neces-
sarily a judicial question. Cooley's Constitutional Limitations,
p. 568; Horr & Bemiss on Municipal Police Ordinances, par. 217;
Toledo Railway Co. vs. Jacksonville, 67 Ill., p. 37. If therefore this
ordinance transcended the police power, our duty to declare it could
not be questioned.

The market ordinances in their general scope have been frequently
called in question before our courts. Morano vs. The Mayor, 2 La.

217; First Municipality vs. Cutting, 4 An. 335; City of New Orleans vs. Stafford, 27 An. 417. It is true in the previous decisions the precise phase of this controversy was not presented. But the power of the council to fix the time, place and mode of selling food was discussed. The conclusion was such legislation was essential to the good government of the city, and that the power to prohibit sales of food for the daily consumption of the city was implied by the power to fix the location of the public markets. The locations of the public markets and the prohibition to sell elsewhere are linked. Public markets of absolute necessity, cannot be maintained without judicious restrictions to prevent sales in other places of food commodities. That restriction under this ordinance, and the law, is the restraint of such sales within six squares of the public market. Act No. 100 of 1878, p. 152. As Judge Dillon puts it: Under the delegation of the police power the municipal corporation may establish markets and prohibit sales and purchases of marketable articles, except at designated market places. 1 Dillon Municipal Ordinances, Secs. 313, 1380, last edition. It is not then sufficient, in support of the objection to the ordinance, to say that the sale of fresh vegetables or fruit within six squares of a public market has no tendency to menace the public health. Public markets cannot be fixed at designated places if marketable commodities can be sold anywhere by peddlers. Hence the ordinance, in our opinion, is to be supported, because part of the usual municipal function to establish markets.

It is urged on us that the ordinance is oppressive inasmuch as grocers are permitted, or at least left under no prohibition as to sales of fruits and vegetables. We do not think this would authorize us to hold the ordinance void. The distinction, whatever its effect, is the mere incident of a valid ordinance. Nor do we appreciate that the *non*-enforcement of this ordinance in the markets can support an objection to the ordinance itself.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be affirmed with costs.