THE STATE ex rel. MILLER, Collector, v. MISSOURI, KANSAS & TEXAS RAILROAD COMPANY, Appellant.

THE STATE ex rel. MILLER, Collector, v. BOONVILLE BRIDGE COMPANY, Appellant.

### In Banc, June 29, 1901.

1. **City's Indebtedness:** WATER TAX: STARE DECISIS. For the reasons set forth in the Lamar case, 128 Mo. 188, and in the Aurora case, 129 Mo. 540, the court declines to reopen a discussion of the power of a city to create an indebtedness for the supply of water.

2. ———: ———: ———: RIGHTS OF PROPERTY. The sums likely invested on the faith of those decisions alone constitute a strong reason for refusing to allow the question to be reagitated.

3. **Election:** MACHINERY IMPLIED: WATER TAX. Where an express power is given, all the power necessary to carry it into effect is implied. The power being conferred by statute upon a city to hold an election for authority to contract for the supplying of its streets with water, etc., and no election machinery for holding an election having been provided therefor, carries with it as an inevitable and indubitable incident the usual and customary means to put the power conferred into effect. (Citing with approval, Ex Parte Marmaduke, 91 Mo. loc. cit. 251, 262.) And hence, under such statute, the city has authority to employ the usual and necessary means to put in motion the power granted, to-wit, the passage of an ordinance and the holding of an election for the purpose of obtaining the assent of the voters to the creation of the indebtedness provided for therein.

Appeal from Cooper Circuit Court.—*Hon. H. A. Hutchinson*, Special Judge.

AFFIRMED.

*Geo. P. B. Jackson* for appellants.

(1)   The tax sued for in these cases being in excess of fifty cents on the $100 valuation, which was the ordinary rate authorized in Boonville, is void because it is in violation of section 11 of article 10 of the Constitution of this State, and is not authorized by the provisions of section 12 of the same article.   The reasoning of the opinions denying the validity of such tax is not overcome by the majority opinion In Banc in the Lamar case.   State ex rel. v. Columbia, 111 Mo. 365; Water Co. v. Lamar, 128 Mo. 209.   (2)   In any event, the limitations contained in sections 11 and 12, of article 10, are self-enforcing, but the provisions for increase of the rates of taxation are not self-enforcing and require legislation to authorize an election to increase the rate of tax wherever it is intended to be authorized by those sections.   State ex rel. v. Van Every, 75 Mo. 530; State ex rel. v. Railroad, 74 Mo. 163; School Board v. Patten, 62 Mo. 444.   As there was no law providing for an election to authorize the making of the contract in question, nor to increase the rate of taxes above the constitutional limit, the tax in question must be held void. (3)   Even if the Constitution permitted the incurring of the indebtedness and the increasing of the tax, and even if the necessary legislation had been enacted authorizing the holding of an election, yet the taxes sued for in this case were not authorized by any vote.   There was but one election held, namely, that in October, 1882.   That did not have the effect of incurring an indebtedness or imposing upon the city the burden of a debt equal to the aggregate amount to be paid in the course of the twenty years contemplated by the contract between the city of Boonville and Mr. Perkins.   It did not have the effect of imposing a burden upon the city for the

whole of the twenty successive payments, but only created an indebtedness equal to the proposed payment for one year, and only authorized an increased rate of taxes for that year. Saleno v. Neosho, 127 Mo. 627; Water Co. v. Lamar, 128 Mo. 223; Water Co. v. Neosho, 136 Mo. 507. (4) The city of Boonville was not authorized, either by its charter, or by any general statute, to enter into the contract with Mr. Perkins, as attempted by the ordinance of October 18, 1882.

*W. M. Williams* and *C. D. Corum* for respondents.

(1) The indebtedness, for the payment of which the tax sued for was levied, was duly authorized by two-thirds of the qualified voters of said city, voting at an election held for that purpose, and the annual debt created by the ordinance together with the existing indebtedness, did not exceed five per cent of the taxable value of the property in said city. The limitation contained in section 11, of article 10, of the Constitution, has no application, therefore, in this case. This question was settled by a decision of the Court In Banc, and should not now be again reopened. The rule of *stare decisis* is applicable. Lamar W. & E. L. Co. v. City of Lamar, 128 Mo. 209; Water Co. v. City of Aurora, 129 Mo. 574. (2) Section 952, Revised Statutes 1879, page 174, which contains the same provisions as section 1589, Revised Statutes 1889, empowered the city of Boonville, with the assent of two-thirds of the qualified voters, to enter into the contract with the water company set out in the ordinance. This is sufficient legislative authority for that purpose. Lamar W. & E. L. Co. v. City of Lamar, 128 Mo. 188; Aurora Water Co. v. City of Aurora, 129 Mo. 540. All of the objections raised by the defendants to the validity of this tax were necessarily involved in and passed upon by the Court In Banc in the Lamar case:

The ordinance in the case was similar to the Boonville ordinance. It provided for a special tax of forty cents on the hundred dollars valuation. An ordinance similar to the one under consideration, authorizing a contract with the water company by which the city was to rent sixty hydrants, for twenty years, at an annual rental of $3,000, and to be paid for by a special annual tax of forty cents on the hundred dollars was adopted by a two-thirds vote of the qualified voters of said city. The rental sued for was for a year subsequent to the first year of the contract. Yet this court held that the city was bound by that contract, and that a tax in excess of fifty cents on the hundred dollars valuation could be levied and collected under said ordinance and the vote adopting the same. Every question submitted in this case is concluded by that decision, and the respondent respectfully asks that the judgment of the court below be affirmed.

SHERWOOD, J.—These causes were consolidated for trial in the lower court and resulted, in each instance, in a judgment for the collector. They involve the same principle as that determined in the Lamar case, 128 Mo. 188, decided in 1895, afterward recognized as settled in the Aurora case, 129 Mo. 540, and the reopening of its discussion denied, and subsequently the Lamar case came again to this court in 1897, when the court again refused to consider the constitutional question involved in the former appeals.

We still adhere to our former rulings in this regard. Six years have elapsed since our first ruling on the point in hand was made; meanwhile, in all probability, large sums have been invested on the faith of those decisions, and that of itself would constitute a strong reason for refusing to allow the question to be reagitated.

The objection is made that there was no statutory author-

ity for taking the vote of the qualified voters of the city of Boonville in 1882; that the prohibition of section 12, of article 10, of the Constitution, are self-enforcing, but the authority therein to create an indebtedness requires legislative action to carry it into effect, and it is urged that there was no such legislative authority at the time the vote was taken in the city of Boonville upon the contract involved here. Section 952, page 174, of the Revised Statutes of 1879, provides:

"The municipal authorities of any city, town or village are hereby authorized to contract with any such corporation for the lighting by gas or supplying with water, the streets, lanes, alleys squares and public places in any such city, town or village. The municipal authorities of any city, town or village, in which any water company shall be organized under this article, may contract with any such company for the purpose of supplying with water the streets, lanes, alleys, squares and public places in any such city, town or village, for any length of time which shall be agreed upon between such city, town or village, and such company, not to exceed twenty years; and the provisions of this section shall apply to all cities, towns and villages in this State, whether organized by special charter or under the general laws of the State, any provisions of any special charter of any city, town or village in the State to the contrary notwithstanding: provided, that contracts entered into under the provisions of this act shall have no legal form until the same shall be submitted to a vote of the qualified voters, at a general or special election of such city, town or village, and shall be ratified by a two-thirds majority of the legal votes polled at said election."

The argument is made that, while this statute provides for a vote, it does not give any of the machinery necessary for holding an election. Where an express power is given, all

the power necessary to carry it into effect is implied. That which is implied is as much a part of the statute as if written therein. The statute provides for an election, and requires a two-thirds majority of the qualified voters to ratify the contract. Such a contract necessarily involves the creation of an indebtedness. The city could not get water without paying for it, and the Legislature could not have intended it to do otherwise. The power being conferred to hold an election and no means provided therefor, carries with it as an inevitable and indubitable incident the usual and customary means to put into effect the power thus conferred. [Ex parte Marmaduke, 91 Mo. loc. cit. 251, 262; 1 Kent Com., 463, 464; State ex rel. v. Perkins, 139 Mo. loc. cit. 118; Sutherland, Stat. Construct., sec. 341; 2 Beach, Pub. Corp., sec. 1314; Grover v. Huckins, 26 Mich. 476; State ex rel. v. Walbridge, 119 Mo. loc. cit. 394.]

The city of Boonville, under this view, had authority to employ the usual and necessary means to put in motion the power granted, to-wit, the passage of an ordinance; this was done, and more than a two-thirds majority of the voters voting at the election, assented to the contract of indebtedness provided for in the ordinance. Nothing more was required to make the contract thus entered into a valid and binding one on the city. Therefore, judgment affirmed.

*Robinson, Marshall, Valliant* and *Gantt, JJ.,* concur. *Burgess, C. J.,* and *Brace, J.,* dissent as to the Lamar case; but *Brace, J.,* agrees to the residue of the opinion.