[No. 10757.   Department One.   April 28, 1913.]

THE CITY OF SPOKANE, *Respondent*, v. J. F. ARNOLD, *Appellant.*[1]

WEIGHTS AND MEASURES—POWER TO REGULATE. It is within the general police power of a city to legislate upon the subject of weights and measures to prevent frauds.

WEIGHTS AND MEASURES — REGULATION—ORDINANCES—CONSTRUCTION. The sale of butter in less than one pound packages is not prohibited by the Spokane city ordinances, where the weight is marked upon the package, in view of § 22, providing that a brick or cake of butter shall contain one pound, net avoirdupois, and §§ 23 and 25,

----

[1]Reported in 131 Pac. 815.

making it a misdemeanor to sell any package and fail to mark thereon the gross and tare or net weight, or to sell by short weights; since it is not made a misdemeanor to sell in less than one pound lots if the weight is marked.

Appeal from a judgment of the superior court for Spokane county, Hinkle, J., entered March 29, 1912, upon a trial and conviction of violating a city ordinance relating to weights and measures. Reversed.

*Wakefield & Witherspoon (A. C. Shaw*, of counsel), for appellant.

*H. M. Stephens, Wm. E. Richardson*, and *Arthur L. Hooper*, for respondent.

MOUNT, J.—The appellant was convicted of a misdemeanor, and fined $25 and costs for violating the provisions of an ordinance of the city of Spokane relative to weights and measures. The facts are stipulated as follows:

On August 19, 1911, appellant sold and delivered within the limits of the city of Spokane to the Home Supply Company, a retail grocery therein, "five bricks or cakes of butter weighing a fraction over fifteen ounces and less than sixteen ounces avoirdupois, net." That these bricks or cakes were put up in cartons of the size usually used to contain one pound of butter. On each end of the package or carton were the following words: "Commercial Cream Co., Ltd., Spokane, Washington. Full weight 15 oz. net 16 oz. gross." There was no representation as to the weight other than as thereon stated; that these cakes or bricks of butter were prepared by appellant in sealed packages ready for delivery in the manner as shown on the carton; that on said 19th day of August the appellant was manager of the Commercial Cream Company, Ltd., in charge of the packing and selling of the butter. The city ordinances of the city of Spokane relating to weights and measures provide as follows:

"Section 22.   .   .   .   A brick or cake of butter for com-

mercial purposes in the city of Spokane shall contain one pound of butter, net avoirdupois." Ordinance No. A-4,738.

"Section 23. Whoever puts up or packs, or sells at wholesale, or retail, any goods or articles sold by weight, into any case or package . . . and fails or omits to mark on said package the gross and tare or net weight in pounds, and fraction of pounds . . . shall be guilty of a misdemeanor." Ordinance No. A-3,413.

"Section 24. It shall be unlawful for any person, firm or corporation, where goods are sold by weight or measure, to sell or deliver less than the amount or quantity contained or bargained for or named in the sale thereof." Ordinance No. A-4,738.

"Section 25. It shall be unlawful for any person to sell direct, or to permit any person, whether agent, employee, or servant to sell any property of whatsoever kind or character that shall be short in weight or measure, and no (any) person . . . who shall sell any article of food, beverage or medicine that shall be short in weight *according to the prescribed standards* of the state of Washington and the city of Spokane, or shall represent the same to contain a certain quantity which it does not contain, shall be guilty of a misdemeanor." Ordinance No. A-3,413.

Counsel for appellant argues that these statutes are unconstitutional and void, because they are without the power of the city and unreasonable. But these contentions have been determined adversely to appellant in *Seattle v. Goldsmith, ante* p. 54, 131 Pac. 456, and we therefore need not notice such questions further here.

Appellant also contends that the act complained of was not a misdemeanor under the ordinance, and that § 23, above quoted, authorizes the sale of any articles by weight in any quantity where the quantity, gross and tare, is marked on the container.

Section 22 plainly provides that a brick or cake of butter for commercial purposes shall contain one pound of butter net avoirdupois. Section 23 provides: "Whoever puts up or packs or sells . . . any goods or articles sold by weight into any case or package . . . and fails or omits

to mark on said package the gross and tare or net weight in pounds and fraction of a pound  .  .  .   shall be guilty of a misdemeanor." The inference is, of course, that if the gross and tare or net weight is marked upon such package of any weight, the sale will be lawful. Sections 24 and 25, above quoted, simply provide that it shall be unlawful to sell or deliver less than the quantity bargained for, or to give short weight, according to the prescribed standards. It is common knowledge, of which courts will take judicial notice, that butter is one of the common and ordinary articles of trade and consumption; that it is usually sold in cakes or bricks by the pound, and where there is no mark upon it to indicate its weight. It is also put up in cartons or containers where the weight is not stated.

The object of this ordinance, no doubt, was to prevent the practice of fraud upon consumers who purchased articles therein referred to. The ordinary person purchasing a cake or brick of butter, whether incased in a carton or not, would naturally suppose that it contained at least one pound of butter, unless it was marked otherwise. In the ordinance, § 22 requires cakes or bricks of butter to contain one pound net, avoirdupois. No provision is called to our attention prohibiting the sale of butter in less than one pound lots. Section 23 was evidently enacted for the purpose of authorizing the sale of any article, including butter, in less quantities than one pound, in cases or packages where the case or package states both the net and tare weight thereof; otherwise, it would be unlawful for any person to sell butter in packages in less quantities than one pound. We are satisfied that the ordinance was not so intended, because it does not so state. It seems to us that the plain meaning of the ordinance is that, where butter is sold in cakes or bricks without any mark thereon, such cakes or bricks must contain one pound net, avoirdupois. And where any quantity less than one pound is sold in cases or packages, the net and gross weight must be stated upon the container.

We are satisfied, therefore, that the appellant in this case was not guilty of violating the ordinance, because the butter here sold, while it was in the form of cakes or bricks, these cakes or bricks were enclosed in sealed cases which stated plainly the net and gross weight upon each case.

The judgment is therefore reversed, and the case ordered dismissed.

CROW, C. J., GOSE, and PARKER, JJ., concur.