THE STATE OF KANSAS, *Appellee*, v. JOHN McCOOL, *Appellant*.

No. 17,212.

SYLLABUS BY THE COURT.

WEIGHTS AND MEASURES—*Statute Regulating the Sale of Bread —Police Power*. The statute of weights and measures establishing a standard weight for a loaf of bread and prohibiting the sale of bread except by the whole, half or quarter loaf (Laws 1909, ch. 264) is not unreasonable or oppressive and is a valid exercise of the police power.

Appeal from Leavenworth district court. Opinion filed November 5, 1910. Affirmed.

*E. S. Brewster*, and *J. H. Wendorff*, for the appellant.

*Fred S. Jackson*, attorney-general, *Lee Bond*, county attorney, and *Malcolm N. McNaughton*, assistant county attorney, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The appellant was convicted of selling bread weighing neither eight ounces nor sixteen ounces, but thirteen and one-half ounces, which did not bear a label showing its true weight. The statute governing the subject is chapter 264 of the Laws of 1909, relating to weights and measures, section 13 of which reads as follows:

"A loaf of bread for sale shall be two pounds in weight. Bread, unless composed in chief part of rye or maize, shall be sold only in whole, half and quarter loaves and not otherwise. Bread, when sold, shall, upon the request of the buyer, be weighed in his presence, and if found deficient in weight additional bread shall be delivered to make up the legal weight, except that this section shall not apply to rolls or to fancy bread weighing less than one-quarter of a pound. Every loaf, half loaf or quarter loaf of bread which does not weigh the full weight required by this section shall be plainly labeled with the exact weight." (Gen. Stat. 1909, § 9750.)

This statute fixes the weights at which bread may be sold. What may be called the standard is the "loaf" weighing two pounds. The sale of "jumbo" loaves weighing multiples of the standard is prohibited, and the sale of loaves or portions of loaves smaller than the standard is prohibited unless they are one pound or one-half pound in weight. Allowance is to be made for usual and ordinary evaporation between the time the bread is placed on sale and the time it is sold, and common-sense allowance is to be made for slight variations in weight as often above as below the standard (§ 15, Gen. Stat. 1909, § 9752); but after these allowances are made bread must be sold only in the prescribed weights, and not otherwise, unless it be composed in chief part of rye or maize. In order to prevent the accidental or surreptitious sale of underweight loaves such loaves shall be labeled with their exact weight. A buyer may require his bread to be

weighed. If it be not up to the standard he is entitled to a quantity of bread sufficient to make up the legal weight, and any sale of other than a statutory weight is unlawful. This intention of the legislature is made clear by comparing section 13 with section 14 (Gen. Stat. 1909, § 9851), relating to the sale of butter. A print or package of butter weighing less than standard may be sold as such if the net weight be disclosed to the buyer or shown by a label.

The appellant argues that this statute is an arbitrary, unreasonable and meddlesome interference with the conduct of a legitimate private business, in which the public welfare is not involved, and consequently that it is unconstitutional and void.

It is a matter of common knowledge that the bakery is an institution quite indispensable to every city and town. Practically every housewife is compelled to resort to it on frequent occasions, and many constantly depend upon it for that most necessary article of food, bread. Bread is sold by the loaf. The size of a loaf is fairly well established by trade custom, and the price is generally a common price per loaf of the popularly understood size. There are among us to-day persons like those who in the time of Amos made the ephah small and the shekel great, and falsified the balances by deceit. Some of them make and deal in bread, and by shrinking the size of their loaves or by other devices they cheat the uncritical and unsuspecting public, which relies upon the prevailing customs. The legislature found such practices to be sufficiently extensive in this state to need correcting. Therefore every condition essential to a valid exercise of the police power exists. (*People v. Wagner*, 86 Mich. 594; *City of Chicago v. Schmidinger*, 243 Ill. 167.)

The regulations were designed to reach, and do reach, the very evil to be remedied. Price is unregulated. That will regulate itself. But if a child be sent to the

bakery for a loaf of bread it will return with a loaf of bread.

If fraud were to be circumvented at all it was necessary that the measures taken should be effective, but the regulations adopted are in no sense harsh or oppressive. Rye bread, corn bread, fancy bread and rolls of the usual size are not within the statute. Loaves of bread may be in three sizes—certainly enough to satisfy the demands of any trade. Unavoidable variations in size are not taken into account, and with these out of consideration the loss to any honest baker from mishaps resulting in unsalable short-weight loaves will be infinitesimal. To allow short-weight loaves to be sold would lead to the baking of short-weight and odd-weight loaves for a purpose, and would open the door to the very practices which the legislature sought to thwart.

Other objections to the statute are not well taken, and the judgment of the district court is affirmed.