EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JOSÉ CEDEÑO, acusado y apelante.

No. 4232.—*Sometido:* Diciembre 11, 1930. *Resuelto:* Junio 12, 1931.

*Juan B. Soto,* abogado del apelante; *R. A. Gómez,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

Una ley, la número 25, de 11 de junio de 1921, Asamblea Legislativa de Puerto Rico, regula el peso de los bollos de pan para el consumo público estableciendo como tipo el de una libra, o 453 gramos, y determinando que sólo podrán fabricarse y tener para la venta, vender o exhibir bollos de peso de: una libra o 453 gramos, y sus múltiplos y fracciones, de media libra, 226 gramos, y un cuarto de libra, 113 gramos; estatuye además que el pan que se exhiba, ofrezca o venda sea envuelto en una bolsa de papel, y lleve un rótulo claro e inteligible, en castellano, con el peso correcto y el nombre del fabricante; y crea una penalidad por la infracción de las disposiciones de la misma ley.

El apelante en el presente caso fué acusado porque, siendo dueño de un establecimiento para la confección y

venta de pan, exhibía para fines de venta bollos de pan faltos de peso, de los que se tomaron diez, que pesados en balanza *standard* del Negociado de Pesas y Medidas, dieron 408, 410, 433, 395, 421, 408, 425, 406, 406 y 406 gramos.

El acusado formuló excepción perentoria que fué declarada sin lugar; siguió el juicio, y se dictó por la Corte de Distrito de San Juan, sentencia declarándolo culpable e imponiéndole una multa de diez dollars o un día de cárcel por cada dollar que dejare de pagar, y las costas. Contra esa sentencia ha apelado el acusado.

 El error señalado por el apelante se funda en que la ley aplicada al caso es inconstitucional por imponer a los vendedores de pan restricciones ilógicas e irrazonables que violan la enmienda XIV de la Constitución de los Estados Unidos, y lo es asimismo la circular No. 80, Reglamento de esa ley, al fijar en 15 gramos la tolerancia de diferencia de peso.

Base de la argumentación del apelante es la decisión de la Corte Suprema de los Estados Unidos en el caso *Jay Burns Baking Co. et al* v. *Charles W. Bryan,* 264 U. S. 504.

El estatuto de que se trató en el caso Burns Baking Co. fué uno de Nebraska, cuyas secciones 2 y 3 copiamos:

"Sec. 2.—Pan, modelos de pesos.—Todo bollo de pan fabricado u obtenido para fines de venta, vendido, expuesto u ofrecido a la venta en el Estado de Nebraska tendrá los siguientes pesos 'avoirdupois,' media libra, una libra, una y media libras, y también múltiplos exactos de una libra y ningunos otros pesos. Todo bollo de pan será hecho de harina pura y de ingredientes sanos y estará exento de substancia nociva o deletérea. Cuando se cuezan bollos mellizos o múltiplos, los pesos aquí especificados serán aplicables a cada uno de los bollos mellizos o múltiplos.

"Sec. 3.—Tolerancia, cómo se determina.—Una tolerancia a razón de dos onzas por libra en exceso de los modelos de pesos aquí fijados será permitida y ninguna más, disponiéndose que los pesos modelos aquí prescritos serán determinados haciendo un promedio del peso de no menos de veinticinco bollos de cualquier unidad y tal promedio no será menor que el mínimo ni mayor del máximum prescrito por

esta ley. Todos los pesos serán determinados en el lugar donde el pan sea fabricado o cocido y serán aplicables durante.un período de por lo menos veinticuatro horas después de cocerse el pan. Disponiéndose que pan introducido a este estado deberá ser pesado en el sitio en que es vendido o expuesto a la venta.''

En el curso de la opinión encontramos que fué un elemento a considerar el de la imposibilidad de encontrar exactos peso y medida en la fabricación del pan, y que lo fueron asimismo las especiales condiciones de temperatura y humedad prevalecientes en el Estado de Nebraska en ciertas épocas. La corte dijo:

''Las partes presentaron mucha prueba sobre la cuestión de si es posible a los panaderos cumplir con la ley. Un número de cosas contribuye a hacer inevitables variaciones en los pesos de bollos de pan al tiempo de cocerse y después de cocidos. El agua contenida en el trigo, en la harina, en la masa y el pan, inmediatamente después de cocerse varía substancialmente y está fuera del dominio de los panaderos. Gluten es un elemento importante en la harina, y harina rica en gluten exige que se agregue más agua para la fabricación de pan y produce mejor pan que la harina que tiene poco gluten o de inferior calidad. No pueden lograrse pesos y medidas exactos en la fabricación de pan. Pérdidas en peso mientras se mezcla la masa, durante la fermentación y mientras el pan está en el horno, varían y no pueden ser evitadas o completamente controladas. En la fabricación de pan no se sigue una regla o fórmula inflexible. Hay muchos elementos variables. Pan hecho de buena harina pierde más peso por evaporación o humedad después de cocido que pan fabricado de harinas inferiores. Las pruebas de los demandados fueron hechas principalmente con bollos envueltos en tal forma que la evaporación era retardada; y se demostró que con tales envolturas pueden ser evitadas las variaciones en peso prohibidas. Por otra parte, la prueba establece claramente que hay períodos en que la evaporación bajo circunstancias ordinarias de la temperatura y de la humedad prevalecientes en Nebraska excede la tolerancia prescrita y hace imposible cumplir con la ley sin envolver los bollos de pan o sin emplear otros medios artificiales para impedir o retardar la evaporación. Y la prueba indica que estos períodos son de tal frecuencia y duración que el poner en vigor las penalidades prescritas para las infracciones sería una carga intolerable para los fabricantes de pan para la venta.''

Encontramos que nuestro estatuto no es igual al de Nebraska. En el nuestro hay una sección o artículo, número 3, que se lee así:

"Sección 3.—Siempre que se venda o se ofrezca o exhiba para la venta un bollo de pan, el rótulo expresivo del peso correcto de dicho bollo, indicará además el precio del bollo o unidad tipo, seguido de las palabras 'la libra,' y el precio de dicho bollo, el cual será la misma parte proporcional del precio de la unidad tipo, como el peso del bollo de pan en cuestión es del peso de la unidad tipo; *Disponiéndose, . . .*"

Dada esa forma de expresarse el estatuto, vese con facilidad que, si bien hay que llevar a cabo el trabajo de pesar el pan, y de fijar en la envoltura los precios de la unidad tipo y del bollo, según su peso, no es un imposible lo que se requiere del industrial, ni aun puede tal exigencia calificarse de irrazonable. El caso presente no es el de *Burns Baking Co.* v. *Bryan,* ni tiene parecido a este último. Allí era evidente la imposibilidad de cumplir el precepto legal; aquí es perfectamente claro que puede cumplirse; y que la Legislatura pudo dentro de los preceptos constitucionales y en ejercicio de su poder, dictar la ley que dictó, protegiendo el derecho del pueblo.

*Por las razones expresadas debe confirmarse la sentencia apelada.*