644

EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* RICARDO APONTE, acusado y apelante.

Núm. 7485.—*Sometido:* Abril 18, 1939. *Resuelto:* Abril 21, 1939.

*Cruz Ortiz Stella,* abogado del apelante; *R. A. Gómez, Fiscal,* abogado de El Pueblo, apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Ricardo Aponte fué acusado ante la Corte Municipal de Yabucoa de una infracción a la sección 2 de la Ley núm. 13 de 1917 (Leyes de 1917 (1) pág. 129) tal como quedó enmendada por la Ley núm. 25 de junio 11, 1921 (Leyes de 1921, pág. 167), cometida como sigue:

"Que en 7 de mayo de 1938, y en la Calle Muñoz Rivera, salida para Humacao, . . . el referido acusado, que es dueño y explota un negocio de elaboración de pan radicado en el sitio y municipalidad arriba indicados, voluntaria e ilegalmente y en un puesto o despacho para la venta de pan anexo a su panadería, exhibía para la venta una cantidad de bollos de pan cuyo peso correcto por bollo de acuerdo con un rótulo que aparecía estampado en la envoltura de cada uno de los mismos debía ser una libra, habiendo resultado de una verificación del peso de diez de dichos bollos de pan, tomados al azar, efectuada por el suscribiente en la balanza y con las pesas modelo suministradas por el Jefe del Negociado de Pesas y Medidas, que éstos solamente pesaron: 413, 418, 423, 396, 418, 438, 413, 438, 433 y 416 gramos respectivamente. Teniendo en cuenta que la libra 'standard' tiene 453 gramos, estos bollos tienen, respectivamente, las siguientes deficiencias en su peso: 40, 35, 30, 57, 35, 15, 40, 15, 20 y 37 gramos, lo que da un promedio de deficiencia en el peso por cada bollo de 32.4 gramos, cantidad ésta que es mayor que la 'tolerancia para el promedio por defecto' que ha sido fijada en 15 gramos, para bollos de pan de una libra, por el Jefe del Negociado de Pesas y Medidas."

Celebrado el juicio, fué condenado el acusado. Apeló para ante la corte del distrito y celebrado el nuevo juicio que la ley ordena, se le condenó a veinte y cinco dólares de multa y en defecto de pago a sufrir un día de cárcel por cada dólar que dejase de satisfacer. Interpuso entonces la presente apelación imputando a la corte de distrito error en la apreciación de la prueba y abuso de discreción al imponer la pena.

Discutiendo su primer señalamiento de error, sostiene el apelante que la evidencia es insuficiente, primero porque habiéndosele imputado la infracción en su modalidad de exhibición para la venta del artículo falto de peso y no su venta o su ofrecimiento en venta y demostrando la prueba únicamente que cuando el pan fué ocupado el acusado, dueño de la panadería, no se encontraba presente, no es ello bastante, y segundo, porque tratándose de una deficiencia de promedio, no se presentaron las envolturas de todos los diez

bollos de pan de que se trata con expresión del peso de cada bollo.

Declararon por El Pueblo, Fausto Arroyo, inspector de pesas y medidas, y Miguel Casillas que ambas partes estipularon que diría lo mismo que el inspector.

Arroyo manifestó que el acusado tenía una panadería con un expendio de pan al frente donde hay mostrador y aparador y donde se exhibe pan para la venta. De una cantidad de pan que había allí, tomó al azar diez bollos, los pesó y tenían una deficiencia mayor que la tolerancia admitida. Eran de a libra. La tolerancia admitida era de quince gramos por libra y la falta resultó de treinta y dos. El acusado estaba presente cuando ocupó el pan. Cada bollo estaba envuelto. Se le presentó una de las envolturas y leyó en ella "Panadería la Palma.—Ricardo Aponte.—Pan a diez centavos libra.—Una libra.—Yabucoa, P. R."

Repreguntado por el abogado del acusado dijo que al llegar a la panadería lo atendió José Castro quien fué el que le dió el pan, llegando luego el acusado. El pan ocupado fué admitido en evidencia, haciéndose constar en el récord a instancias del acusado que había un bollo sin envoltura, otro cuya envoltura no tenía rótulo y otro con el rótulo ilegible. A su vez el fiscal hizo constar que por razón del tiempo las envolturas estaban un poco deterioradas.

Dijo finalmente el testigo que el pan se vendía para la fecha de la denuncia en Yabucoa a diez centavos libra. Entonces el fiscal ofreció en evidencia el Reglamento del Negociado de Pesas y Medidas promulgado por el Secretario Ejecutivo de Puerto Rico con el núm. 111, que fué admitido sin objeción, y con la estipulación indicada con respecto a la declaración de Casillas, dió por terminado su caso.

La prueba de la defensa consistió en las declaraciones de José Castro y Santiago Rivera.

Dijo el primero que estando en la panadería del acusado llegaron los inspectores, que su obligación era despachar,

que el pan ocupado estaba en una caja que queda frente al mostrador donde había diez y nueve bollos que tenía separados porque habían resultado faltos de peso; que le dijo a los inspectores que ese pan no se vendía; que estando ellos allí llegó un muchachito por pan y le informé que el pan se había terminado; que cuando el acusado llegó, ya los inspectores se habían ido.

Santiago Rivera declaró que el día de la denuncia como a las seis de la mañana compró en la panadería del acusado setenta y cinco libras de pan y luego como a las nueve fué a comprar quince libras más y le dijeron que no había y como viera allí algunas y pidiera explicación le contestaron "no se vende porque está falto de peso."

Terminada la práctica de la evidencia el juez de distrito se expresó como sigue:

"Póngase de pie el acusado. En este caso se le denuncia a usted por infracción a la sección segunda de la Ley 13, de abril 1917, según fué enmendada por la Ley núm. 25 de junio 11, 1921.

"La prueba de El Pueblo en este caso tiende a demostrar que Ud. es dueño de un establecimiento, o era para la fecha de la denuncia, donde se expendía pan para la venta al público en la municipalidad de Yabucoa, P. R. Que el día 7 de mayo de 1938 le ocuparon diez (10) bollos de pan. Que esos diez (10) bollos de pan se repesaron y aparecieron con una deficiencia no tolerada por el Reglamento promulgado por el Secretario Ejecutivo de Puerto Rico para poner en vigor esta Ley, que es de 15 gramos más o menos. Que Ud. era el Administrador o que Ud. había arrendado el establecimiento donde se vendía el pan.

"La prueba de descargo tiende a demostrar que si bien es verdad que usted tenía esos bollos de pan, los tenía en una caja y que no los tenía para la venta, aceptando que el pan lo tenía en el establecimiento.

"La Corte considera que los hechos de esta denuncia han sido probados a entera satisfacción de este Tribunal.

"El delito de infracción a esta Ley, a juicio de este Juez, es uno de los delitos más serios y más graves que se pueden cometer en una sociedad cualquiera. Vender un' bollo de pan por el precio de diez centavos la libra, que consideramos excesivo, y después

expenderlo falto de peso constituye una situación muy crítica para la sociedad, especialmente para los infelices que no pueden a veces comprar media libra y si la compran la compran falta de peso.

"Este Juez considera que la Corte Municipal fuy muy benigna con usted y le impone veinticinco (25) dólares de multa o en su defecto un día de cárcel por cada dólar que deje de pagar."

A. nuestro juicio no es la prueba insuficiente. Resuelto el conflicto en favor de la de cargo, hay en ella elementos bastantes para concluir que la infracción fué cometida.

No era necesario que el acusado se encontrara presente. Era el dueño del establecimiento. En él tuvo lugar la exhibición que se imputa dentro del curso ordinario de los negocios a que estaba dedicado, y de ella era responsable.

Tampoco era necesario que todas las envolturas rotuladas se presentaran. Bastaba el testimonio no objetado de los inspectores. Además, la propia defensa admite la falta de peso. Según ella no ya todos los bollos en conjunto, si que ninguno de ellos en particular se quiso vender por esa circunstancia.

■ No se cometió el primero de los errores señalados. Tampoco el segundo. El caso del *Pueblo* v. *Bocanegra*, 52 D.P.R. 382 no es igual al presente. Las circunstancias que en él concurrieron y que se exponen en la opinión, presentan una situación bien diferente.

Cuando se apela de una sentencia dictada por una corte municipal para ante una de distrito, se celebra ante la última un juicio de nuevo y es de acuerdo con sus resultancias que se dicta la nueva sentencia. En el propio caso de Bocanegra que invoca el apelante dijo esta Corte:

"Estamos muy de acuerdo en que la corte de distrito no quedaba obligada por la sentencia de la corte municipal, pero al fijar la pena ella pudo haber tomado en consideración la actuación de la corte municipal."

Y aquí resulta del propio récord que el juez de distrito tomó en consideración la sentencia del juez municipal y la consideró, con razón a nuestro juicio, muy benigna. Aun

la pena de veinticinco dólares de multa siendo el máximum fijado por la ley, resulta benigna si se considera no sólo la gravedad de la infracción, si que la actitud asumida por el acusado llevando al tribunal una prueba que contiene afirmaciones de hechos que el tribunal no creyó ciertas.

*Debe declararse el recurso sin lugar y confirmarse la sentencia apelada.*