THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* CARLOS GARCÍA BADILLO, Defendant and Appellant.

No. 8790.   Argued November 13, 1941.—Decided November 25, 1941.

*J. Valldejuli Rodríguez* for appellant. *George A. Malcolm, Attorney General,* and *R. A. Gómez, Prosecuting Attorney,* for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

Carlos García Badillo has taken this appeal from a judgment of the District Court of San Juan, whereby he was sentenced to pay a fine of one dollar and, in default of such payment, to be confined one day in jail, for a violation of Section 1 of Act No. 13 of April 12, 1917 (Session Laws, p. 128), as amended by Act No. 25 of June 11, 1921 (Session Laws, p. 166), which provides as follows:

"Section 1.—That a loaf of bread weighing one pound avoirdupois or 453 grams, shall be the standard loaf of bread in Porto Rico, *Provided,* That loaves of the following weight only shall be manufactured for the purpose of being sold or offered or exposed

for sale; one pound avoirdupois or 453 grams and its multiples, half pound avoirdupois or 226 grams and one-fourth pound avoirdupois or 113 grams.''

In the complaint the defendant, who is the owner of a bakery in Puerta de Tierra, is charged with having—

''. . . . Wilfully and unlawfully sold, through Osvaldo García, his employee, manager, or man in charge, to Jesús María Castro, ten loaves of bread weighing individually less than a quarter pound avoirdupois or 113 grams and also below 103 grams, which is the lowest weight allowed for loaves of bread to be manufactured in Puerto Rico after discounting the deficiency tolerance . . .''

The appellant, in the two assignments set out in his brief, urges that the lower court erred, first, in ''rendering a judgment against the weight of the evidence in the case,'' and, second, ''in wrongly construing the letter and spirit of Act No. 25, enacted by our Legislature on June 11, 1921.''

As the prosecuting attorney of this court has properly said, the appellant, in his argument under those assignments, starts from a wrong premise when he asserts that: ''The purport and language of the complaint in this case is to charge the appellant with selling *short-weight* bread'' (p. 2 of his brief, beginning of argument under the first assignment), and further on that: ''There is no doubt that said Act No. 25 of 1921 is a law exclusively aimed at fraud, that is, to prevent the sale of *short-weight* bread or its derivatives *to the public.*'' (P. 11 of the brief, beginning of argument under the second assignment.)

The complaint does not charge the defendant with having sold short-weight bread but with having manufactured and sold loaves of bread of a weight or type whose manufacture and sale is not authorized under Section 1 of Act No. 25 of 1921, which expressly provides: ''That loaves of the following weight only shall be manufactured for the purpose of being sold or offered or exposed for sale: one pound . . . . half pound . . . . and one-fourth pound avoirdupois or 113 grams.''

[2, 3] The evidence for the prosecution showed that an employee of defendant sold to a Weights and Measures inspector ten loaves of bread at a cent each, and that each of said loaves weighed from 42 to 56 grams or less than 103 grams, which is the lowest weight (after allowing for the 10-gram tolerance) of a one-fourth loaf, this being the smallest size allowed by said act; that the sale of such loaves is not unlawful when made to hotels and restaurants, but that it is unlawful to sell the same directly to the public.

The evidence for the defendant showed that these small loaves are manufactured by defendant to be sold to those restaurants and clubs which sell "hot dogs" and "hamburgers" and that it is not defendant's practice to retail said small loaves but to sell them wholesale and not per pound but as so many units: one hundred, two hundred, one thousand; that they are sold to establishments which order them, such as El Escambrón, the Coffee Shop of the Condado Hotel, Buchanan Army Post, and to every bar.

There is no conflict in the evidence as to the fact that the defendant had not been either charged or prosecuted for manufacturing and selling said small loaves wholesale to various clubs and restaurants to be used in the preparation of the so-called "hot dogs" or "hamburgers". It is because he retailed said small loaves, not for the preparation of such "hot dogs" or "hamburgers", but to be consumed as bread, that he was prosecuted on the ground that each small loaf did not conform to the lowest unit authorized by law. The fact that the Bureau of Weights and Measures allows the manufacture and sale of these small loaves in large quantities to be expressly used in the preparation of "hot dogs" and "hamburgers" shows that it has not been its intention to injure this new industry in Puerto Rico by strictly and technically construing the statute, and that neither the defendant nor other bakers have been prosecuted when disposing of such loaves wholesale. The reason is clear. The pur-

chaser of a "hot dog" or a "hamburger" does not buy the same as bread but for what such bread contains; a sausage or chopped meat, together with the bread. The price paid is not fixed by taking into account the weight of the loaf but its contents. If hotels, restaurants or clubs were to sell such small loaves per unit, as was done by defendant, they would also violate the law, because the purpose of the law has been to protect the purchaser in such a way that he may know the lowest weight of the unit so purchased. This kind of legislation has been consistently upheld as valid and constitutional. See in this connection the notes in 6 A.L.R. 429 and 90 A. L.R. 1290, from which we will cite some cases.

In *State* v. *McCool*, (1910), 83 Kan. 428, 111 P. 477, the following quotation is made from a Kansas statute:

"A loaf of bread for sale shall be two pounds in weight. Bread, unless composed in chief part of rye or maize, shall be sold only in whole, half and quarter loaves and not otherwise. . . . except that this section shall not apply to rolls or to fancy bread weighing less than one-quarter of a pound."

The defendant in the said case was convicted of selling bread loaves weighing 13½ ounces while the law authorized only the sale of loaves weighing 32, 16, or 8 ounces. The judgment was affirmed and the validity of the law upheld. It should be observed that the statute expressly excepted rolls and fancy bread. Our statute contains no such exceptions.

In *Allion* v. *City of Toledo*, (1919), 124 N. E. 237, it was held that an ordinance fixing the lowest weight of each loaf of bread at one pound was constitutional and valid, and the courts, unless a clear and palpable abuse of power is shown, will not substitute their own views for the legislative discretion.

The Supreme Court of the United States in *Schmidinger* v. *Chicago*, 226 U. S. 578, 57 L. Ed. 364, held as valid an

ordinance approved by the City of Chicago which exclusively allowed the manufacture of bread loaves with a minimum weight of half a pound and a maximum weight of 6 pounds, and expressed itself as follows:

"Local legislative authorities, and not the courts, are primarily the judges of the necessities of local situations calling for police regulation, and the courts can only interfere when such regulation arbitrarily exceeds a reasonable exercise of authority."

Act No. 25 of June 11, 1921, whose section 1 is alleged to have been violated by the defendant, has already been declared valid and constitutional by this court, as regards section 2 thereof, in *People* v. *Cedeño,* 42 P.R.R. 418, where, to quote from the syllabus, it was said:

"As there is no constitutional limitation or provision prohibiting the Legislature from requiring as it did by Act No. 25 of 1921, that the manufacturer of bread must weigh every loaf and label the wrapper thereof with the prices of the standard unit and of the loaf itself, according to its weight, there is nothing to justify the judicial power in declaring said act unconstitutional and void."

The same doctrine is applicable to section 1 of the act in question.

As to appellant's contention that there was a failure to show "the agency of the person who sold the bread or that such person was the agent of the owner," this court has already held, in *People* v. *Aponte,* 54 P.R.R. 612, that the owner of a bakery where bread is sold to the public is liable for any violation of this law, whether or not he is present in said bakery at the time of the seizure of the bread short of weight. A similar liability exists against him if, in his absence, bread is sold in violation of section 1 of the act.

The appeal must be denied and the judgment appealed from affirmed.