EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* CARLOS GARCÍA BADILLO, acusado y apelante.

Núm. 8790.—*Sometido:* Noviembre 13, 1941. *Resuelto:* Noviembre 25, 1941.

*J. Valldejuli Rodríguez,* abogado del apelante; *Hon. Procurador General George A. Malcolm* y *R. A. Gómez, Fiscal del Tribunal Supremo,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

Carlos García Badillo apela de la sentencia que le condenó a pagar un dólar de multa o en su defecto a sufrir un día de cárcel impuesta por la Corte de Distrito de San Juan por una infracción de la sección 1ª. de la ley núm. 13 de 12 de abril de 1917 ((1) pág. 129) tal y como quedó enmendada por la ley núm. 25 de 11 de junio de 1921 (pág. 167) que dispone lo siguiente:

"Sección 1.—Un bollo de pan cuyo peso sea una libra 'avoirdupois' o 453 gramos, será la unidad o tipo modelo para los bollos de pan en Puerto Rico; *Disponiéndose,* que sólo podrán fabricarse para vender u ofrecer o exhibir para la venta bollos de pan de los pesos siguientes: de una libra 'avoirdupois' o 453 gramos y sus múltiplos, de media libra 'avoirdupois' o 226 gramos, y de un cuarto de libra 'avoirdupois' o 113 gramos."

La denuncia imputa al acusado, dueño de una panadería en Puerta de Tierra el que:

. . . "voluntaria e ilegalmente, vendió, por medio de su empleado, administrador o encargado, Osvaldo García a Jesús María Castro, diez bollos de pan cuyo peso individual era menor de un cuarto de libra 'avoirdupois' o 113 gramos y también menor de 103 gramos que es el peso menor concedido a los bollos de pan que se fabriquen en Puerto Rico, después de descontada la tolerancia por defecto. . ."

Dos son los errores que imputa en su alegato el apelante a la corte inferior, primero, por "haber dictado sentencia contraria a la evidencia en el caso" y, segundo, por "haber mal interpretado la letra y el espíritu de la ley núm. 25 aprobada por nuestra Legislatura en 11 de junio de 1921."

■ Como bien dice el Fiscal de esta Corte en su alegato, el apelante, al discutir dichos errores, parte de una falsa premisa al afirmar que: "La intención y la letra de la denuncia en este caso es denunciar al apelante por vender pan *falto de peso*" (página 2 de su alegato al empezar a discutir el primer error), y más adelante: "No hay duda que la indicada ley núm. 25 de 1921 es una ley dirigida exclusivamente para evitar el fraude, esto es, que se venda pan o sus derivados *falto de peso al público*." (Página 11 alegato, al empezar a discutir el segundo error.)

La denuncia no imputa al acusado el haber vendido pan falto de peso, sino el haber fabricado y vendido bollos de pan de un peso o tipo cuya fabricación y venta no está autorizada por la sección 1ª. de la ley núm. 25 de 1921, supra, que expresamente dispone que "sólo podrán fabricarse para vender u ofrecer o exhibir para la venta bollos de pan de una libra . . . media libra . . . y de un cuarto de libra 'avoirdupois' o 113 gramos."

■■ La prueba de cargo demostró que un empleado del demandado le vendió a un inspector de Pesas y Medidas diez bollos de pan, a centavo cada uno, y que cada uno de dichos bollos pesaba de 42 a 56 gramos o sea menos de 103 gramos, que es el peso mínimo (con los 10 gramos de tolerancia concedidos) que un bollo de un cuarto de libra puede tener, siendo éste el tamaño más pequeño autorizado por dicha ley; que la venta de estos panecillos no se persigue cuando se hace a los hoteles y fondas pero sí cuando se les vende directamente al público.

La de descargo demostró que estos panecillos los fabrica el acusado para venderlos a aquellos restaurantes y clubs que venden "hot dogs" y "hamburgers" y que el acusado no acostumbra vender dichos panecillos al detall sino al por mayor y no por libras sino por tantas unidades, cien, doscientas, mil; que se venden a los establecimientos que los encargan tales como El Escambrón, el Coffee Shop del Condado, el Puesto de Buchanan y todos los "bares."

No hay contradicción entre una y otra prueba en cuanto al hecho de que el acusado al fabricar y vender estos panecillos al por mayor a distintos clubs y restaurantes para ser utilizados en la confección de los llamados "hot dogs" o "hamburgers" no ha sido denunciado ni perseguido. Es cuando vendió esos panecillos al detall, no ya para la confección de "hot dogs" o "hamburgers" sino para ser consumidos como pan, que fué denunciado por no constituir cada panecillo la unidad mínima autorizada por la ley. La actuación del Negociado de Pesas y Medidas al permitir la fabricación y venta de estos panecillos en grandes cantidades, expresamente para la confección de "hot dogs" y "hamburgers", demuestra que no se ha querido perjudicar esta nueva industria en Puerto Rico, con una interpretación estricta y técnica del estatuto y que ni el acusado, ni otros fabricantes de pan, han sido denunciados cuando han realizado esas ventas al por mayor. El motivo es obvio. El que compra un "hot dog" o un "hamburger" no lo compra como pan sino por lo que dicho pan contiene: salchicha o carne picada, junto con el pan. El precio que paga no es tomando en consideración lo que pueda pesar el panecillo sino por su contenido. Si los hoteles, restaurantes o clubs vendieran esos panecillos sueltos, como lo hizo el acusado, también violarían la ley, pues al que compra un bollo de pan, como tal, la ley ha querido protegerlo de manera que sepa el peso mínimo de la unidad que adquiere. Esta clase de legislación ha sido consistentemente sostenida como válida y constitucional. Véanse al efecto las anotaciones en 6 A. L. R. 429 y 90 A. L. R. 1290 de las que citaremos algunos ejemplos:

En el caso de *State* v. *McCool*, (1910), 83 Kan. 428, 111 P. 477, el estatuto de Kansas dispone lo siguiente:

"Un bollo de pan para la venta tendrá dos libras de peso. Pan, a menos que sea compuesto de gran parte de centeno o maíz, se venderá sólo en bollos enteros, medios bollos o cuartos de bollo y de ninguna otra manera . . . excepto que esta sección no se aplicará a

panecillos, 'rolls' o a pan de fantasía, 'fancy bread', que pese menos de un cuarto de libra.''

El acusado en dicho caso fué convicto de vender pan que pesaba 13½ onzas cuando la ley sólo autorizaba la venta de bollos de 32, 16 u 8 onzas. Se confirmó la sentencia y sostuvo la ley como válida. Es de notarse que el estatuto expresamente exceptuaba los panecillos, ''rolls'' y pan de fantasía. Nuestra ley no contiene excepción alguna.

En el caso de *Allion* v. *City of Toledo*, (1919), 124 N. E. 237, se sostuvo que una ordenanza que fijaba el peso mínimo de cada bollo de pan en una libra era constitucional y válida, y las cortes, a menos que exista un claro y palpable abuso de poder, no sustituirán su criterio por el de la discreción legislativa.

La Corte Suprema de los Estados Unidos en el caso de *Schmidinger* v. *Chicago*, 226 U. S. 578, 57 L. ed. 364, sostuvo como válida una ordenanza aprobada por la ciudad de Chicago que sólo permitía la fabricación de bollos de pan de ½ libra como mínimum y de 6 libras como máximum, y se expresó así:

''Las autoridades legislativas locales y no las cortes, son las llamadas a juzgar las necesidades de situaciones locales que requieren reglamentación policíaca, y las cortes sólo pueden intervenir cuando tal reglamentación excede arbitrariamente el ejercicio razonable de autoridad.''

La ley núm. 25 de 11 de junio de 1921 cuya sección primera se alega infringió el acusado, ya fué declarada válida y constitucional por esta Corte, en cuanto a su sección segunda, en el caso de *Pueblo* v. *Cedeño*, 42 D.P.R. 433 donde se dijo, según aparece del sumario que:

''No existiendo nada en las prescripciones y limitaciones constitucionales que prohiba a la Legislatura actuar, como lo hizo al exigir por la sección 2 de la Ley Núm. 25 de 1921 (pág. 167) que el industrial pese el pan y fije en la envoltura los precios de la unidad tipo, y del bollo, según su peso, nada hay que justifique al poder judicial a declarar nula e inconstitucional tal ley.''

La misma doctrina es aplicable a la sección primera de la ley.

En cuanto a la argumentación del apelante en el sentido de que no se estableció "la agencia de la persona que vendió el pan ni que tuviera la tal persona la representación del dueño" ya esta corte ha resuelto, en el caso de *El Pueblo v. Aponte,* 54 D.P.R. 644, que el dueño de una panadería en que se expenda pan al público, es responsable de una infracción a esta ley, esté o no presente en dicho establecimiento al ocuparse un pan falto de peso. Igual responsabilidad le cubre si, no estando presente, se vende pan en violación de la sección primera de la ley.

*Debe declararse el recurso sin lugar ·y confirmarse la sentencia apelada.*